May Term,
**1860.**

SMALL
v.
HOWLAND.

SMALL and Others *v.* HOWLAND and Others.

Complaint in three paragraphs to recover land—1. In the usual form. 2. Upon a title-bond, for a conveyance of a life estate, remainder to heirs, given by *A.* to his daughter *B.*, alleging that since its execution *A.* had died, and that neither he nor his heirs had conveyed; that *B.* was also dead, and the plaintiffs were her heirs. 3. Like the second, adding that, through the ignorance of *A.* and the person who prepared the bond, a mistake occurred therein by using the word *heirs* instead of the word *children*, they using the former as synonymous with the latter, and intending the latter; that *B.* was put in possession as tenant for life. Answer, 1. The general denial to the first and second paragraphs, and that *A.* did not execute the bond. 2. That *A.* did not execute the bond, minutely setting forth the facts relied on. 3. That after the death of *A.*, *B.* and her husband instituted proceedings in chancery against *A.'s* heirs, on the bond, and obtained a decree and a deed in fee (the said heirs consenting thereto as an advancement), and entered upon the land and took it as their distributive share, &c., and, whilst so in possession, mortgaged the same to *C.*, who foreclosed, and bought in the land at the sale under his decree, and *C.* sold the land to the defendant, who, not relying upon said sale as conveying any interest other than that which descended to *B.* and the wife of *C.* (who was also a daughter of *A.*), on the same day took a quitclaim deed from the other heirs of *A.*

*Held*, on demurrer to the last paragraph of the answer, that the proceedings in chancery vested the fee simple in *B.*, and consequently the plaintiffs had no title.

*Thursday,*
*August 23.*

APPEAL from the *Marion* Circuit Court.

*Per Curiam.*—This was a suit by the appellants to recover certain described lands, &c.

There were three paragraphs in the complaint, to-wit—

1. In the usual form prescribed by statute for the recovery of lands.

2. Based upon a title-bond given by *John Smock* to his daughter *Leah Small*, and alleging that since its execution *Smock* had died, and that neither he nor his heirs had executed a deed in pursuance of said bond; that *Leah Small* was also dead, and plaintiffs were her heirs and children, &c.

3. Setting forth the facts averred in the second paragraph, and alleging further that, in consequence of the ignorance of the said *Smock* and the person who prepared said bond, a mistake occurred therein in using and inserting the word *heirs* therein, instead of the word *children*,

they supposing and using the term *heirs* as synonymous with the word *children*, and meaning and intending the latter; that said *Leah* was put in possession as tenant for life, &c.

The said bond is as follows:

"Know all men by these presents, that I, *John Smock*, of," &c., "am held and firmly bound unto *Leah Small*, her lifetime, and to no other person, and after her death to her heirs forever, in the penal sum of," &c., "which payment well and truly to be made, I bind myself, my heirs," &c., "firmly by these presents, sealed," &c., "and dated this 6th day of *January*, 1827. The condition of the above obligation is such that if the above-bound *John Smock*, his executors," &c., "or either of them, shall well and truly make, or cause to be made, to the above-named *Leah Small*, her lifetime, and after her death to her heirs forever, a good and sufficient general warranty deed to the west half," &c., "on or before the first of *January*, 1828, then the above obligation to be void," &c.

It is also averred in the second paragraph of the complaint, that "the word heirs as used in said title-bond means, and was used and intended to mean, the children of said *Leah Small*, and that is its legal effect as used."

The defendant, *Powell Howland*, answered—

1. A general denial to the first and second paragraphs of the complaint, and that the bond mentioned in said second paragraph was not executed, &c., by said *Smock*.

2. That said *Smock* did not execute said bond, &c., (minutely setting forth the facts relied upon).

3. Setting up that after the death of *Smock*, *Leah Small* and her husband instituted such proceedings in chancery against the heirs of said *Smock*, on said bond, as resulted in obtaining a decree, and commissioner's deed based thereon, for said land, conveying the same in fee simple to said *Leah*, &c., the heirs of *Smock* consenting thereto as an advancement, &c.; that *Small* and wife entered upon said land, and took as their distributive share, &c., and whilst so in possession, to-wit, on the 19th day of *October*, 1839, they mortgaged the same to one *Adam Pence*, &c.;

and that upon failure to pay, &c., said *Pence* procured a decree of foreclosure, &c., of said mortgage, at the *November* term, 1840, upon which such proceedings were had that said property was sold on the 30th day of *January*, 1841, for the sum of 100 dollars, to said *Pence;* and afterwards, on the 31st day of *December*, 1841, said *Pence* sold the same to said *Howland*, who, not relying upon the said sale, &c., as conveying to him any interest except that which came by descent to said *Leah*, and the wife of said *Pence*, as daughters of *John Smock*, &c., on the same day took a quitclaim deed from the other heirs of said *Smock*, &c.

The other defendants, being the heirs of *Smock*, &c., disclaimed any interest, &c.

To the last paragraph of the answer of *Howland*, a demurrer was filed, assigning for cause that the same did not state facts sufficient, &c., nor file the deeds relied on, and that the defendant was estopped from setting up the matters averred in said paragraph.

The demurrer was overruled. This presents the first question for consideration.

The second and third causes of demurrer are not noticed in the brief of appellant, and, under the rule, will be considered as waived.

Under the first cause, it is insisted that as the present plaintiffs were not parties to the chancery proceedings of *Small* and wife to obtain a title, they are not concluded thereby. But one of the plaintiffs was born at the time said proceedings were instituted in 1828; the others afterward and before 1854, at which time their mother, *Leah Small*, died.

Whether they were in any manner concluded by the proceedings in chancery in 1828, depends upon whether any title they might have derived to said property, in consequence of the facts stated, would have been so derived directly from their grandfather by virtue of said title-bond, or through their mother.

It is urged by the appellants that they do not derive title through their mother; that this is not a case in which the

rule in *Shelly's* case should apply; that it was manifestly the intention of the obligor in the bond, to bind himself to convey only a life estate to *Leah Small*, and the inheritance to her children; and that even if this is not so, the rule in *Shelly's* case cannot apply to executory contracts, of which this is one.

The appellee relies upon that rule, on this point, which is, as stated by *Blackstone:* "If an estate be made to *A.* for life, remainder to his right heirs in fee, his heirs shall take by descent; for it is an ancient rule of law, that whenever the ancestor takes an estate for life, the heir cannot, by the same conveyance, take an estate in fee by *purchase*, but only by *descent.*" Book 2, p. 242. And he further says that "the word 'heirs,' in this case, is not esteemed a word of *purchase*, but a word of *limitation*, inuring so as to increase the estate of the ancestor from a tenancy for life to a fee simple." *Ibid.*

Upon issues formed and trial had, there was a verdict and judgment for the defendant.

In view of the conclusion which we have arrived at, it is not necessary to notice some points presented by counsel.

We are of opinion that the proceedings in chancery in 1828, vested the fee simple in *Leah Small;* consequently the plaintiffs in this case had not, at the time of the commencement of the suit, any title.

The judgment is affirmed with costs.

*E. Dumont, O. B. Torbet, J. L. Ketcham,* and *I. Coffin,* for the appellants.

*L. Barbour* and *A. G. Porter,* for the appellees.