## TIPTON and Others *v.* LA ROSE.

FEE TAIL.—CONVEYANCE.—A conveyance of land to "A and the heirs of her body by B" passes a fee simple absolute.

APPEAL from the *Cass* Circuit Court.

RAY, J.—The question presented in this case is upon the construction of the language of a deed, and the nature of the estate conveyed. The conveyance was "to *Sarah M. Tipton*, and the heirs of her body by *George T. Tipton*," who was her husband.

By section 36, p. 266, 1 G. & H., "estates tail are abolished; and any estate which, according to the common law, would be adjudged a fee tail, shall hereafter be adjudged a fee simple; and if no valid remainder shall be limited thereon, shall be a fee simple absolute." The estate at common law would have been an estate tail special, as it ascertained the person by whom the heirs inheritable to the entail should be begotten. Preston on Estates 412. The conveyance complies with the legal requirement, that "the gift by which an estate tail is to arise must, either in terms or in legal construction, be made to the heirs of the body,

for it is more in respect of the particular heirs to which the limitation is confined, and the restriction, by express words or by implication, that the heirs shall be of the body, than of the time of continuance under the gift, that the estate is denominated." *Id.* 358. By the provision of our statute, therefore, the estate must be held to be a fee simple in the donee, and as no remainder was limited thereon, as that if she fail to convey in her lifetime it should go to another donee named, (1 Wash. on Real Prop., ch. 3, § 46,) it became a fee simple absolute.

This was the construction placed upon the language of the deed by the Circuit Court, and the judgment will therefore be affirmed, with costs.

*D. D. Dykeman,* for appellants.

*D. D. Pratt* and *D. P. Baldwin,* for appellee.