No. 14,589.

TANEY ET AL. *v.* FAHNLEY ET AL.

DEED.—*Construction.*—*Rule in Shelley's Case.*—N. E. conveyed to his mother certain real estate "during the term of her natural life, and to descend to her heirs in equal portions, the said N., the maker of this deed, included, after death." The covenants of warranty were with the grantee and her heirs.

*Held,* that the deed was governed by the rule in *Shelley's Case,* and that the grantee took an absolute title in fee.

From the Marion Circuit Court.

*B. F. Davis* and *W. H. Martz,* for appellants.

*J. S. Duncan* and *C. W. Smith,* for appellees.

OLDS, J.—This is an action for the possession of real estate, brought by the appellants against the appellees, and involves the construction of a deed.

Nathaniel Eudaily owned the real estate in controversy and conveyed the same to his mother, Margaret Eudaily. The appellee Lena Fahnley claims title through mesne conveyances from said Margaret, and the appellants claim title as the children of Margaret, through the deed of Nathaniel to Margaret, the appellants contending that by said deed Margaret took only a life-estate, and that the fee vested in her children while on behalf of the appellees it is contended that the deed is ruled by the law in *Shelley's Case,* and Margaret took the title in fee.

The deed, about which the controversy arises, reads as follows:

" This indenture, made this 22d day of February, in the year of our Lord, one thousand eight hundred and forty-seven (1847), between Nathaniel M. Eudaily, of the county of Marion and State of Indiana of the first part, and Margaret Eudaily, his mother, of the county and State aforesaid, of the second part, witnesseth; that the said party of the first part, for and in consideration of the natural love and

affection he bears unto his said mother, and various good causes him hereto moving, together with the sum of one dollar in hand paid, the receipt whereof is hereby acknowledged by the party of the first part, hath granted, bargained, aliened, sold, and by these presents doth grant, bargain, alien, sell and convey and confirm unto the said party of the second part, for and during her natural lifetime, all of the following piece or parcel of land, lying, being and situate in the county of Marion and State of Indiana, and being lot numbered twelve (12), in square numbered twenty-seven (27), and also lot numbered nine (9), in square numbered twenty (20), in town of Indianapolis; together with all the rights, privileges and appurtenances thereunto belonging, to have. and to hold the above described premises, with all the improvements to the same belonging, to the said party of the second part, during the term of her natural life, and to descend to her heirs in equal portions, the said Nathaniel, the maker of this deed, included, after death; and the said party of the first part, for himself and his heirs, doth hereby covenant with the said party of the second part and her heirs, that he is lawfully seized in fee simple of the premises aforesaid, and has good right, full power and lawful authority to sell and convey the same in manner and form aforesaid; that the said premises are free and clear from all encumbrances whatsoever, and that he will forever warrant and defend the same, and the quiet and peaceable possession of the same, together with the appurtenances to the same belonging or appertaining, unto the said Margaret Eudaily and her heirs, against the lawful claims of all persons whomsoever.

"In witness whereof the said Nathaniel M. Eudaily has hereunto set his hand and seal the day and year first above written.

(Signed) "NATHANIEL M. EUDAILY. [SEAL.]"

Which deed was duly acknowledged.

That the rule in *Shelley's Case* is recognized as law, and a rule of property in this State is too well settled to admit of

controversy. *Andrews* v. *Spurlin*, 35 Ind. 262; *Siceloff* v. *Redman*, 26 Ind. 251; *Small* v. *Howland*, 14 Ind. 592; *Hull* v. *Beals*, 23 Ind. 25.

In *Doe* v. *Jackson*, 5 Ind. 283, the rule is stated as follows: "Where a freehold is limited to one for life, and by the same instrument, the inheritance is limited, either mediately or immediately, to heirs or heirs of his body, the first taker takes the whole estate, either in fee simple or fee tail; and the words 'heirs' or 'heirs of the body,' are words of limitation, and not of purchase."

In the case of *Hochstedler* v. *Hochstedler*, 108 Ind. 506, in construing a will, this court says: "But the word 'heirs,' as Mr. Preston says, 'is a powerful one,' and it must be given its legal force and effect, unless the words of the will clearly assign it a different signification." Again, in the same case, it is said: "When an interest or estate is given in one clause of a will, in clear and decisive terms, 'such interest or estate can not be taken away or cut down by raising a doubt upon the extent and meaning and application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving that interest or estate.'"

In the case of *Shimer* v. *Mann*, 99 Ind. 190, this court says: "The word 'heirs' written in a deed or will is one of great power, and its force is not impaired by the mere use of negative or restraining words. Fearne expresses this doctrine in very strong words, for he declares that 'the most positive direction' will not defeat the operation of the rule in *Shelley's Case.*" Continuing, the court further says: "It may be that this statement of the law is somewhat too strong under the doctrine of later cases, but certainly the law is that mere negative words can not restrain or impair the force of the word 'heirs.'"

In *Edwards* v. *Beall*, 75 Ind. 401, it is held that in the construction of a deed the premises and the habendum should be construed together.

Omitting from the deed under consideration the words " the said Nathaniel, the maker of this deed, included, after death," and the deed conveys the land to the grantee and her heirs, as the word " descend," as used in the deed, means to pass from the grantee to her heirs, and is to the same effect as if it read to her during her natural life and to her heirs. The purpose of the words, " the said Nathaniel, the maker of this deed, included, after death," is, as we construe them, to exclude any inference that he, by reason of being the grantor, should not take an interest in the real estate as an heir of his mother in case she should die the owner of the same; or, in other words, it goes to show that it was the intention that all her legal heirs should take the land by descent, and none, not even the maker of the deed, should be excluded. Certainly, this is as reasonable a construction to be placed upon the language used as any other, and giving it this construction it leaves no room for doubt as to the legal effect of the deed.

The covenants of warranty are with the grantee and her heirs, the conveyance being to the grantee during her natural life, and to descend to her heirs, which we construe to be of the same purport as if it was to the grantee during her natural life, and to her heirs. All we think that can be contended for the subsequent words are that they raise a doubt as to the meaning of the granting words of the deed, and this, under the authorities we have quoted, is not sufficient to change the meaning of the granting words of the deed. Applying the rule as liberally as it is held in case of a devise of real estate by will, it can not be said that the subsequent words are as clear and decisive as the words granting the interest or the estate.

The conclusion we reach is that the grantee, Margaret Eudaily, took an absolute title in fee, and this leads to an affirmance of the judgment.

Judgment affirmed, with costs.

Filed Nov. 18, 1890.