No. 14,886.

| 127 | 397 |
| 147 | 101 |

## EARNHART v. EARNHART ET AL.

WILL.—*Life-Estate.*—*Rule in Shelley's Case.*—Where the testator in his will devises an estate to his son for life, and provides that at the son's death the persons who would have inherited from the son, had he owned the fee at the time of his death, shall take the same and in the same proportion as the law would cast it upon them, and declares that the provisions of the item shall " only vest in the devisee a life-estate * * * and no more," the rule in Shelley's Case does *not apply and the son takes only a life-estate.*

From the Noble Circuit Court.

*L. W. Welker,* for appellant.

*H. G. Zimmerman* and *F. M. Prickett,* for appellees.

OLDS, C. J.—John Earnhart died testate. By item three of his last will and testament he gave to his granddaughter, Harriet Cook, the only child of his deceased daughter, Susannah, five hundred dollars, to be paid within one year after his death, or within one year after the death of his wife, if she survived him. It is specifically stated in said item that said legacy shall be paid by devisees in said will other than his wife, to wit: " Nelson James, Lewis Thomas and William Earnhart, Jane Wolf and Ellen Wolf, in equal shares, the shares of each to be a charge upon the lands hereby devised to him or her respectively." Item 10 of the will is as follows :

" I give and devise to my son, William Earnhart, for and during the term of his natural life, subject to the life-estate of my said wife therein, the following described real estate in Noble county, Indiana, to wit: The north half of the northwest quarter and the west half of the northwest quarter of the northeast quarter of section thirty-four (34) in township thirty-four (34) north, range nine (9) east. At the death of said William Earnhart I give and devise said lands in fee simple to the persons who would have inherited

the same from the said William Earnhart had he owned the same in fee simple at the time of his death, the same to go to said persons in the same manner and in the same proportions as though said William Earnhart had owned the same in fee simple at the time of his death. But the provisions of this item should only vest in the said William a life-estate in said lands, and nothing more."

The appellant brings this action, setting out a copy of the will, and alleging that he owns the fee simple title to the land described in item ten of the will, and asking that the will be so construed as to give to him the fee simple title to said land, and that his title be quieted to the same, making the other devisees and the executor parties defendant, alleging that they claim some interest in said land adverse to the appellant.

The appellees demurred to the complaint for want of facts, which demurrer was sustained, exceptions reserved, and this appeal is prosecuted, assigning such ruling as error.

It is contended that item ten in the will is governed by the rule in Shelley's Case, and that it gives to William Earnhart a fee simple title to the land.

It is settled that the rule in Shelley's Case is recognized as law and a rule of property in this State; but we do not think it applicable to the item of the will under consideration. The rule does not apply where it unequivocally appears that the persons who are to take are not to take as heirs of the grantees, or devisees. In this case it is clearly and distinctly expressed, so that it unequivocally appears from the language that it was the intent of the testator, that the appellant should take only a life-estate in the land. It then makes a further devise of the remainder of the estate in the land to other persons, describing them, not by name, but in a definite manner, as the persons who would inherit the same if the fee was in the appellant, and distributes it between such persons in the same proportions as they would inherit from said appellant. The words used in making dis-

position of the remainder are words of purchase, descriptive of the persons to whom the fee is devised. If in one item of the will the testator had devised to his son William Earnhart a life-estate in the particular tract of land, and in another item had made disposition of the remaining fee after his death to the wife and children of the said William, naming them, there could be no possible question but that William would take a life-estate, and his wife and children would take the fee; nor do we think there can be any difference if, instead of naming them, the will described them as the wife and children, stating that they should take one-third to the wife, and the two-thirds to go to the children in equal shares. If it described them as the heirs who would inherit from William, in the same proportion as the law would cast it upon them, certainly there can be no difference whether the testator make such disposition of his property in one or in separate items, so it be clearly expressed. In item ten of the will under consideration, the intention of the testator is clearly expressed to be that William take only a life-estate, and a separate and distinct devise of the remaining fee at his death to the heirs of William, in the same proportion they would have inherited had William owned the same in fee. It is clearly expressed that such heirs shall not take by descent from William, but by purchase from the testator. This being clearly expressed by the will, the rule in Shelley's Case does not apply. See *Fountain County, etc., Co.* v. *Beckleheimer,* 102 Ind. 76. When it clearly appears that the testator did not intend to grant a fee, then the devise will not be so construed as to vest one. *Allen* v. *Craft,* 109 Ind. 476.

The will provides that the appellant shall pay his portion of the legacy given to the granddaughter, Harriet Cook, and makes it a charge against the land.

There was no error in sustaining the demurrer to the complaint.

Judgment affirmed, with costs.

Filed March 11, 1891.