Lane *et al. v.* Utz.

No. 15,544.

## LANE ET AL. *v.* UTZ.

DEED.—*Construction.*—*Rule in Shelley's Case.*—A deed which " conveys and warrants " certain real estate to the grantee, " and to the heirs of her body," falls within the rule in *Shelley's Case*, and vests in such grantee an absolute fee.

From the Clinton Circuit Court.

*J. N. Sims*, for appellants.

*P. W. Gard*, for appellee.

COFFEY, J.—This was an action by the appellants against the appellee, in the Clinton Circuit Court, to recover the possession of the real estate described in the complaint. The evidence in the cause consists of an agreed statement of facts. The appellee demurred to the evidence, which demurrer was sustained by the court, and judgment was rendered against the appellants for costs.

The facts in the case, as disclosed by the agreed facts, are that on the 24th day of July, 1866, Joseph Lane was the owner in fee of the land in controversy, and on that day conveyed the same to his unmarried daughter, Elizabeth Lane. Elizabeth subsequently intermarried with the appellee, Utz, and died intestate, without issue, leaving the appellee, her husband, as her only heir at law. Prior to her death her father, Joseph Lane, departed this life.

The consideration mentioned in the deed was never, in fact, paid, nor intended to be paid, the land being a gift, and the consideration inserted in the deed was intended to correspond with the sum advanced by Lane to his other children.

The appellants are the next of kin to the said Elizabeth.

The sole question presented for our consideration is the construction of the deed executed by Joseph Lane to his daughter, Elizabeth. So much of the deed as is material to the controversy here is as follows:

Lane *et al. v.* Utz.

" This indenture witnesseth, that Joseph Lane and Mary Lane, his wife, of Clinton county, in the State of Indiana, *convey* and *warrant* to Elizabeth Lane, and to the heirs of her body, of Clinton county, in the State of Indiana, for the sum of four thousand dollars, the following real estate, in Clinton county, in the State of Indiana, to wit :   *   *   * In witness whereof," etc.

It is contended by the appellants that this deed conveyed an estate to Elizabeth Lane, subject to a reversion to the grantor or his heirs in the event she should die without children ; while, on the other hand, it is contended by the appellee that it vested in her an absolute estate in fee simple.

In our opinion the case of *Tipton* v. *La Rose*, 27 Ind. 484, and the case of *King* v. *Rea*, 56 Ind. 1, are decisive of the question here involved.

In the case of *Tipton* v. *La Rose, supra,* the land was conveyed to Sarah M. Tipton and the heirs of her body by George T. Tipton. It was held that Sarah M. Tipton took an estate in fee simple. And in the case of *King* v. *Rea, supra,* the land was conveyed to Martha W. Rea during her life, and to the issue of her body, and in construing this deed this court said : " We think it falls within the rule in *Shelley's Case,* which, in this State, is settled as a law of property. The deed conveys and warrants to Martha W. Rea, during her life ; the inheritance, which, by statute, is conveyed by the words ' conveys and warrants,' is limited to the issue of her body,—the inheritance and the remainder in the deed being the same estate. In such cases the rule in *Shelley's Case* applies, and the first vendee takes the entire estate." The words " issue of her body " were held to be words of limitation, and not words of purchase.

In the case of *Andrews* v. *Spurlin,* 35 Ind. 262, the deed conveyed the land to " Mary Wood her lifetime, and after her death to descend to the heirs of her body." It was held in this case that the deed vested in Mary Wood an absolute fee.

In all these and similar cases the words "heirs," "heirs of her body," and "issue of her body," are words of limitation, and not of purchase, and the rule in *Shelley's Case* applies.

We are unable to perceive how the fact that this land was conveyed to Elizabeth Lane by her father as a gift or as an advancement can affect the well settled meaning of the words used.

In our opinion the deed before us vested in Elizabeth Lane an absolute fee in the land therein described.

Judgment affirmed.

