## TEAL ET AL. *v.* RICHARDSON.

[No. 19,702.    Filed February 19, 1903.]

WILLS.—*Construction.—Rule in Shelley's Case.*—A devise of real estate to testator's daughter "to have and to hold during her natural life, with power to my said daughter to sell and convey the same in fee simple in case it becomes necessary so to do, and the remainder after her death to the heirs of her body in fee simple," falls within the rule in Shelley's Case, and, under §3378 Burns 1901, abolishing estates tail, vests in the daughter a fee simple estate.  *pp. 119–123.*

SAME.—*Construction.*—Where real estate is devised in fee simple to one, coupled with a devise over if such devisee should die without issue living at the time of his death, the words refer to a death without issue during the lifetime of the testator, and the primary devisee surviving the testator takes an absolute estate.  *p. 123.*

From Steuben Circuit Court; *P. V. Hoffman,* Special Judge.

Suit by Elizabeth M. Richardson against Asbury Teal and others to quiet title.  From a judgment for plaintiff, defendants appeal.  Transferred from Appellate Court, under §1337u Burns 1901.  *Affirmed.*

*S. A. Powers* and *A. C. Wood,* for appellants.
*J. A. Woodhull* and *J. G. Yeagley,* for appellee.

MONKS, J.—Eli M. Teal died testate in 1899, the owner in fee simple of the real estate in controversy in this case. He left no descendants surviving, except appellee, his daughter, a widow, who had no children at the time the will was made or at his death.  Said testator, by his will, which was duly admitted to probate in Steuben county, disposed of all his property, real and personal.  The part of his will disposing of his real estate reads as follows: "Item 4.  I give and devise to my daughter, Elizabeth Richardson, all my real estate which I may own or in which I have any interest at my decease, to have and to hold during her natural life, with power to my said daughter to sell and

convey the same in fee simple, in case it becomes necessary so to do, and the remainder after her death to the heir or heirs of her body in fee simple. If my said daughter should die without issue living at the time of her death, then it is my will," etc.   Here follows a devise over of all his estate to appellants, the children and grandchildren of the testator's brothers. If said will gave said real estate to the appellee in fee simple, this case must be affirmed; if for life only, it must be reversed.

It is insisted by appellee that said devise to her of the real estate in controversy falls within the rule in Shelley's Case, and that she therefore took the same in fee simple. Said rule is: "That when a freehold is devised to the ancestor for life and by the same instrument it is limited either mediately or immediately to his heirs or the heirs of his body the word 'heirs' is a word of limitation and not of purchase, and the ancestor takes the same in fee or in tail, as the case may be." *Perkins* v. *McConnell,* 136 Ind. 384, and cases cited; *Allen* v. *Craft,* 109 Ind. 476, 58 Am. Rep. 425, and cases cited; *Nelson* v. *Davis,* 35 Ind. 474, 478; 2 Thomas, Coke's Institutes, 117-124, note P, and note IV, pp. 534-540; Blackstone's Comm., *242; 4 Kent's Comm., 214 *et seq.*; Washburn, Real Property (6th ed.), §§1601-1604, 1607-1613; 2 Fearne, Remainders, Chap. 12, §§393-502, pp. 206-248.   By our statute (§3378 Burns 1901, §2958 R. S. 1881 and Horner 1901), estates tail are abolished, and what would be at common law an estate tail, is in this State a fee simple.   *Waters* v. *Lyon,* 11 Ind. 170, 175.

It is firmly settled that the rule in Shelley's Case is a rule of property and not a rule of construction in this State. *Allen* v. *Craft, supra; Shimer* v. *Mann,* 99 Ind. 190-192, 50 Am. Rep. 82, and cases cited; *Waters* v. *Lyon, supra;* 22 Am. & Eng. Ency. Law, 495-511, and notes. The words "heirs" or "heirs of the body," in their primary and strict legal sense, are words of limitation, and not of purchase.

*Nelson* v. *Davis, supra; Shimer* v. *Mann, supra,* and authorities cited; *Allen* v. *Craft, supra; Schoonmaker* v. *Sheely,* 3 Denio 485. It is true, as stated by appellants, that the cardinal rule in the construction of wills is that the intention of the testator must control; but it is also true that when words are used that have a settled legal meaning, full effect must be given to them.

It is said in 4 Kent's Comm., *229: "All the modern cases contain one uniform language, and declare that the words, *heirs of the body,* whether in deeds or wills, are construed as words of limitation, unless it clearly and unequivocally appears that they were used to designate certain individuals answering the description of heirs at the death of the party."

In Washburn, Real Property (6th ed.), §1613, it is said: "The rule is, as a rule of common law, so imperative, that though there be an express declaration that the ancestor shall only have a life estate, it will not defeat its union with the subsequent limitation to his heirs. So, though the limitation be accompanied by a declaration to the effect that the heirs shall take as purchasers, or is made to the heirs of the first taker and their heirs, or where the estate is to A for life, and after his death, to the heirs of his body, to share as tenants in common, or to be equally divided between them, it comes within the rule."

It was said by this court in *Shimer* v. *Mann, supra,* at page 193: "The word 'heirs' written in a deed or will is one of great power, and its force is not impaired by the mere use of negative or restraining words. Fearne expresses this doctrine in very strong words, for he declares that 'the most positive direction' will not defeat the operation of the rule in Shelley's Case. 2 Fearne, Remainders, §453. * * * While it is true that the word 'heirs' may be explained to mean children, it is also true that this meaning can not be assigned to the word unless it clearly appears that it was employed by the testator in that sense. The

courts have used very strong language upon this subject. *
* * 'Technical words, or words of known legal import,
must have their legal effect, even though the testator uses in-
consistent words, unless those inconsistent words are of such
a nature as to make it perfectly clear that the testator did
not mean to use the technical words in their proper sense.'
Doe v. Gallini, 5 Barn. & Ad. 621. Redfield says: 'Conjec-
ture, doubt, or even equilibrium of apparent intention will
not suffice.' 2 Redfield, Wills (2d ed.), 67; Guthrie's
Appeal, 37 Pa. St. 9; Jordan v. Adams, 9 C. B. (N. S.)
483; Poole v. Poole, 3 B. & P. 620; Doebler's Appeal, 64·
Pa. St. 9."

As was said by Judge Sharswood, in Ingersoll's Appeal,
86 Pa. St. 240, 245: "Nothing certainly is better settled
than that the intention of a testator, if not contrary to law,
shall be carried out in the disposition he may make of his
property after death. There are many things which he can
not do, however clearly he may intend it. He can not create
a fee and clog the power of alienation or relieve it from lia-
bility for debts. He can not create a perpetuity by an
executory devise after an indefinite failure of issue or at
any other future period, which may not be until after a life
or lives in being and twenty-one years." In Doebler's Ap-
peal, 64 Pa. St. 9, 15, the same judge said: "While the
intention of the testator, if consistent with law, is un-
doubtedly to be the polar star, yet we are bound to take as
our guides those general rules or cannons of interpretation
which have been adopted and followed by those who have
gone before us. It becomes no man and no court to be wise
above that which is written. Security of titles require that
no mere arbitrary discretion should be exercised in con-
jecturing what words the testator would have used, or what
form of disposition he would have adopted had he been
truly advised as to the legal effect of the words actually
employed. That would be to make a will for him instead
of construing that which he had made."

It follows that there is no escape from the force of the rule in Shelley's Case when the word "heirs" is used in its strict legal sense as a word of limitation. There is no conflict between this rule and that declaring that the intention of the testator must control, for the reason that when the word "heirs" is used as a word of limitation, it conclusively expresses the intention of the testator to devise an estate in fee simple. *Allen* v. *Craft,* 109 Ind. 476, 486-488, 58 Am. Rep. 425. As there is nothing in said will which clearly and unequivocally shows that the word "heirs" was not used in its strict legal sense, it must be held that the devise falls within the rule in Shelley's Case, and that appellee took said real estate in fee simple. It is settled law in this State that when real estate is devised in fee simple to one, coupled with a devise over, if such devisee should die without issue living at the time of his death, the words refer to a death without issue during the lifetime of the testator, and the primary devisee surviving the testator takes an absolute estate. *Morgan* v. *Robbins,* 152 Ind. 362, 363, and cases cited; *Aspy* v. *Lewis,* 152 Ind. 493, 496-499, and cases cited. It is clear, under these rules, that appellee took said real estate in fee simple on the death of the testator.

Judgment affirmed.