## BURTON ET AL. *v.* CARNAHAN ET AL.

[No. 5,795. Filed October 10, 1906.]

1. WILLS.—*Remainders.—Time of Vesting.—Words of Survivorship.*—The law favors the earliest possible vesting of remainders; and words of survivorship in a will are construed as relating to the time of the death of the testator unless the will clearly says otherwise. p. 614.

2. SAME.—*Construction.—Rules of Law.—Conflict.*—The intention apparent in a will, will be given effect where it does not interfere with the established rules of law. p. 614.

3. SAME.—*Devises.—Limiting by Subsequent Clause.*—A certain estate devised in one clause of a will cannot be defeated by a subsequent clause, though the intention to do so is clear. p. 614.

4. SAME.—*Estates.—Rule in Shelley's Case.*—A will devising certain lands to a daughter "to be by her held during her natural life and no longer, and at her death the same to go to and vest in her bodily heirs forever and in fee simple," and

providing in a subsequent clause that in case said daughter "should die without issue of her body living," then over to her brothers and sisters, gives such daughter a fee-simple title to such lands.  p. 615.

5. WILLS.—*Remainders.*—*Vesting.*—Where a will devises a fee-simple title to a daughter and provides in a subsequent clause that in case such daughter "should die without issue of her body living" then such land should go to her brothers and sisters, the contingency of the daughter's death has reference to her death before the death of such testator.  p. 615.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Suit by David M. Burton and others against Thomas J. Carnahan and another.  From a judgment for defendants, plaintiffs appeal.  *Affirmed.*

*John H. Miller* and *Lucius C. Embree,* for appellants.
*Thomas Duncan,* for appellees.

COMSTOCK, P. J.—Suit to quiet title to real estate. Alexander Burton died July 25, 1898, testate, the owner of the real estate in controversy, leaving as his only heirs at law, his widow, Mary E. Burton, and five children, the appellants, David M. Burton, Martha A. Sokeland, Mary A. Ahleman, and Hettie B. Niekamp, and also Amie I. Burton.  The widow died April 11, 1903, and on August 12, 1903, the daughter Amie I. married the appellee Carnahan.  She died March 21, 1904, leaving her husband, but no issue or descendants surviving her.

The record presents for decision but one question:  What interpretation shall be placed upon the will of said testator ?  The only parts material to the matter in dispute are the first and sixth items.  The first item gives to the widow a life estate in the real estate in question.  Item six is as follows:

"It is my will and desire, and I so desire, that upon the death of my wife the following part of my real estate so devised to my wife as above set out shall go to my daughter, Amie I. Burton, to be by her held

during her natural life and no longer, and at her death the same to go to and vest in her bodily heirs forever and in fee simple, to wit: The northwest quarter of the northeast quarter of section sixteen, township three south, range nine west, the same being forty acres more or less.

In case said Amie I. Burton should die without issue of her body living, then and in that case said land so devised to her shall go to and vest in her brother and sisters equally and the descendants of such as may be dead."

If said will gave to Amie I. a fee simple, the judgment of the trial court must be affirmed. If the title to said lands on the death of said Amie I., by virtue of the conditional limitations of said item six, vested in appellants, then the judgment must be reversed.

The law favors the vesting of remainders at the earliest possible moment, and, in harmony with the rule just stated, words of survivorship in a will are construed as referring to the death of the testator in all cases where the words of the instrument are not such as clearly show that they refer to a subsequent date. *Taylor* v. *Stephens* (1905), 165 Ind. 200, and cases cited; *Campbell* v. *Bradford* (1906), 166 Ind. 451; *Moores* v. *Hare* (1896), 144 Ind. 573; *Harris* v. *Carpenter* (1887), 109 Ind. 540; *Hoover* v. *Hoover* (1889), 116 Ind. 498.

The purpose in construing a will is to ascertain the intention of the testator, and to carry it out, so far as the same may not interfere with the established rules of law. *Fowler* v. *Duhme* (1896), 143 Ind. 248.

Devises in one clause cannot be defeated by a devise in a subsequent clause. *Ross* v. *Ross* (1893), 135 Ind. 367.

"Even a clear intention of the testator cannot be permitted to contravene the settled rules of law by depriving any estate of any of its essential legal attributes." *Mulvane* v. *Rude* (1896), 146 Ind. 476, 485.

It is admitted by appellants' counsel that the rule in *Shelley's Case* (1579), 1 Coke *88, applies here. It is settled that that rule is a rule of property, and not 4. of construction in this State. *Teal* v. *Richardson* (1903), 160 Ind. 119. Said rule is: "When a freehold is devised to the ancestor for life and by the same instrument it is limited, either mediately or immediately to his heirs or the heirs of his body, the word 'heirs' is a word of limitation and not of purchase, and the ancestor takes the same in fee or in tail, as the case may be." It is profitable to refer to the different cases in which the court has applied the rule to language substantially the same. The case at bar cannot be differentiated from the recent case of *Taylor* v. *Stephens, supra*. In the case last named, the will gave to the widow the real estate during life, and provided that "at the decease of my said wife I desire that said lands be owned equally and jointly by my children, * * * or in case of the decease of any of said children, his or her share to descend to the heirs of their body, if any, and if not, to those surviving." The court held that the children named in the will took thereunder a vested remainder upon the death of the testator. The case is instructive upon the rules of construction and the reasons therefor.

Under the rules, the clause of the will before us, in regard to the death of said Amie I., not leaving children surviving her, has reference to the death during the 5. lifetime of the testator. Said Amie took a vested remainder upon the death of her father.

Judgment affirmed.