## DUZAN ET AL. v. CHAPPEL ET AL.

[No. 6,511. Filed May 13, 1908.]

1. WILLS.—*Devisees.*—*"Die Without an Heir."*—A will devising to testator's wife a life estate in testator's property, remainder to a certain son in case he survived such wife, and if he did not so survive her and should "die without an heir," then over, does not give to such son's wife any interest, where he predeceased such wife, the word "heir" evidently meaning a child, or its descendants. p. 653.

2. SAME.—*Vesting of Estates.*—In the absence of a clear intention to the contrary, estates devised will be held to vest at the earliest possible moment; and such intention cannot arise by inference or construction. p. 654.

3. SAME.—*Remainders.*—*Vested.*—*Contingent.*—Remainders will be considered vested. where the language used in a will is capable of such construction. p. 654.

4. WILLS.—*Death of Devisee.—Remainders.—Time of Vesting.*—
Where a testator devised to his widow a life estate, remainder
to his son, and if the son should die without children, then over,
the vesting of the estate has reference to the death of such son
within the lifetime of the widow. p. 654.

5. SAME.—*Life Estates.—Remainders.—Death of Remainderman.—
Time of.*—A will devising a life estate to testator's widow, re-
mainder to his son "if he should outlive" such widow, but if said
son "should die before" said widow, then over, and if said son
"should die without an heir," then over, gives the fee simple to
such son in case he survives such widow. p. 654.

From Hancock Circuit Court; *Edward W. Felt,* Judge.

Suit by Mary M. Duzan and others against William Chap-
pel and others. From a decree for defendants, plaintiffs
appeal. *Affirmed.*

*John C. Jenkins* and *William Ward Cook,* for appellants.
*U. S. Jackson* and *R. L. Mason,* for appellees.

RABB, J.—William Galbreath died testate, the owner in
fee simple of the lands described in the appellants' com-
plaint. So far as it affects the questions presented by this
appeal, his will provided as follows:

"I desire that my wife, Nancy Galbreath, be the sole
heir of my real estate so long as she remains my widow.
At the death of Nancy Galbreath the real estate shall be
heired by James B. Galbreath if he should outlive said
Nancy Galbreath, but if James B. Galbreath should die
before said Nancy Galbreath I desire the farm to be sold
and Elizabeth Gwinn shall have $400 and the heirs of
Margaret Duzan to heir their mother's share which is
$400. If James B. Galbreath should die without an
heir that his part shall fall back to his sisters."

This will was evidently drawn by either the deceased him-
self, or by some one unskilled in the preparation of docu-
ments of this character, but it is clearly manifest that it
was the purpose of the testator to give to his wife, Nancy
Galbreath, a life estate in his real estate, if she remained
his widow, and the fee to James B. Galbreath conditioned
that he outlive Nancy Galbreath, and that, if he died during

the life of Nancy Galbreath, then the farm was to be sold, and out of the proceeds Elizabeth Gwinn was to have $400, the children of Margaret Duzan $400, and the residue divided among his heirs at law. That such was the meaning and purpose of this clause of the testator's will is not questioned. The testator left surviving him his widow, Nancy Galbreath, said James B. Galbreath, named in his will, who was his son, Elizabeth Gwinn and Mary Duzan, who were his daughters, and Leander Duzan and Mary C. Virgin, who were the children of his deceased daughter, Margaret Duzan, and who were his sole heirs at law. The widow never married, and was survived by James B. Galbreath, who died without children or other descendants living, but leaving surviving him his widow, Adaline Galbreath, who subsequently died intestate. The appellants are the sister and the children of the deceased sisters of James B. Galbreath. The appellees are the administrators of the estate and the heirs at law of Adaline Galbreath. The appellants claim title to the land described in the complaint under the second clause of the will of said William Galbreath. The appellees claim title by inheritance from James B. Galbreath, whom they claim took the remainder in fee in said land under said will.

The appellees contend that inasmuch as James B. Galbreath left his widow surviving him, and she would take the property as his heir, that therefore the contingency 1. mentioned in the will, "if James B. Galbreath should die without an heir," upon the happening of which "his part shall fall back to his sisters," never occurred, and that, therefore, appellants could take nothing under this provision of the will. This contention cannot be sustained. It is clearly manifest from all the provisions of the will that by the term "an heir" the testator meant a child or its descendant.

But the question remains, did the testator mean that at

the death of James B. Galbreath, whenever it might occur, no children or their descendants surviving him, "his share should go to his sisters?" Or did he mean that upon the death of James B. Galbreath occurring during the lifetime of the widow, no children or their descendants surviving him, his share should go to his sisters? It is the well-settled rule that in the absence of a clear manifestation of the intention of the testator to the contrary, estates will be held to vest at the earliest possible period. The intent to postpone the vesting of an estate must be clear and manifest, and must not arise by inference or construction. The law will not construe a remainder to be contingent when it can be taken to be vested. *Bruce* v. *Bissell* (1889), 119 Ind. 525; *Taylor* v. *Stephens* (1905), 165 Ind. 203; *Burton* v. *Carnahan* (1906), 38 Ind. App. 612, and cases cited.

It has been uniformly held by the courts of this State that provisions in a will devising lands to a widow for her life, and at her death the remainder in fee to certain named parties, to which is added a clause or proviso that in case the person to whom is devised the fee shall die leaving no children or other descendants, then the fee shall vest in certain other named devisees, has reference to a death of the devisee within the lifetime of the testator. *Taylor* v. *Stephens, supra,* and cases cited.

In this case the testator had already provided, by the first clause of his will, that in case of the death of James B. Galbreath during the lifetime of the widow a certain disposition was to be made of the lands. It not being clearly manifest that the testator, by the terms of the second clause, providing that "if said James B. Galbreath shall die without an heir," etc., meant the death of James B. Galbreath at any other time or under any other circumstances than as provided in the first clause, we think it must be held that he had reference to the death of James B. Galbreath within the lifetime of the widow, and that in case he

survived the widow the remainder in fee should absolutely and unconditionally vest in him.

The judgment of the court below is in all things affirmed. Roby, C. J., absent.