## LEE ET AL. *v.* LEE.

[No. 7,086. Filed April 7, 1910.]

1. WILLS.—*Codicils.—Effect.*—The purpose of a codicil is to enlarge, or restrain, but not to revoke, or supersede, the provisions of a will. p. 647.
2. WILLS.—*Construction.—Intention.—How Ascertained.*—In construing a will the courts will consider only the language used in the will. pp. 648, 649.
3. WILLS.—*Devise to Devisee and His Heirs.—Rule in Shelley's Case.*—A devise to a devisee and his heirs, either mediately or immediately, gives a fee-simple title to such devisee. p. 648.
4. ESTATES.—*Fee-Tail.—Statutes.*—Fee-tails are by statute (§3994 Burns 1908, §2958 R. S. 1881), made fee-simple titles. p. 649.
5. WILLS.—*"Heirs."*—The term "heirs," as used in a will, is a word of limitation. p. 649.
6. WILLS.—*Codicils.—Construction.—Estates.—"Heirs of" Devisee.*—A will devising certain real estate to the devisee "in fee simple," followed by a codicil revoking and canceling such devise and giving in lieu thereof the same land "to vest in said [devisee] at [testator's] death for a period of natural life of said [devisee] and at the death of said [devisee] the remainder and the fee simple of said described real estate * * * shall vest in the heirs of" said devisee, gives to such devisee a fee simple title. p. 649.

From Wells Circuit Court; *Charles E. Sturgis,* Judge.

Suit by John W. Lee against Archie W. Lee and others. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Mock & Sons, A. W. Hamilton* and *William A. Lee*, for appellants.

*J. B. Merriman* and *Charles G. Dailey*, for appellee.

WATSON, J.—This was a suit brought by appellee against appellants to quiet title to certain real estate in Wells county, Indiana. The complaint alleges that plaintiff is the owner in fee simple of the real estate described therein; that each of the defendants claims an interest therein, which claims are without right and unfounded, and are a cloud upon plaintiff's title thereto.

Appellants Archie W. Lee and Pearl Thatcher filed answer to the complaint, setting out that they are the children of plaintiff by a former wife; that Wayne Lee and Francis Lee are the children of plaintiff by his second wife; that Alexander Lee, father of plaintiff, died testate in Wells county, Indiana, on February 24, 1907; that on May 23, 1904, Alexander Lee made a will, item seven of which is as follows:

"I give and devise to my son, John W. Lee, the following real estate in Wells county, Indiana, to wit: Being the southeast quarter of the southwest quarter of section five, township twenty-five north, range twelve east, containing forty acres more or less, in fee simple."

That afterwards, on December 19, 1906, said Alexander Lee made a codicil to said will, the first item of which is as follows:

"I revoke and cancel the gift and devise in item number seven to my son, John W. Lee, and give, devise and bequeath the following real estate as his interest as noted in item seven of my will; said real estate being described as follows: Being the southeast quarter of the southwest quarter of section five, in township twenty-five north, range twelve east, containing forty acres of land more or less, to vest in said John W. Lee at my death for a period of natural life of said John W. Lee, and at the death of said John W. Lee the remainder and the fee simple of said described real estate in this item shall vest in the heirs of said John W. Lee."

That said John W. Lee has no title to said real estate excepting the title he acquired by virtue of said will and codicil; that by said will John W. Lee was to have a life estate only in said real estate; that Archie W. Lee and Pearl Thatcher are the owners of an undivided one-fourth each of said real estate, and praying that their titles thereto be so declared.

Appellee filed his demurrer to the answer for want of facts, which was sustained by the court, and excepted to by appellants. A decree was entered in favor of appellee, quieting the title to said real estate as against appellants. The only assignment is that the court erred in sustaining the demurrer of appellee to the answer of appellants Archie W. Lee and Pearl Thatcher.

1. A codicil is a clause added to the will after its execution, the purpose of which is either to alter, enlarge or restrain the provisions thereof. It does not supersede or revoke the will as an after-made will would do, but it is a part thereof, to be construed with it as one entire instrument.

Appellants insist that the rule as laid down in *Shelley's Case* (1581), 1 Coke *94, should not apply in this case, for the reason that it is manifest by the terms of the will and codicil that it was the intention of the testator that appellee should take a life estate only in the real estate devised.

Judge Sharswood, in the case of *Doebler's Appeal* (1870), 64 Pa. St. 9, 15, said: ''While the intention of the testator, if consistent with law, is undoubtedly to be the polar star, yet we are bound to take as our guides those general rules or canons of interpretation which have been adopted and followed by those who have gone before us. It becomes no man and no court to be wise above that which is written. Security of titles requires that no mere arbitrary discretion should be exercised in conjecturing what words the testator would have used, or what form of disposition he would have adopted had he been truly advised as to the legal effect of

the words actually employed. That would be to make a will for him instead of construing that which he has made."

Courts are not at liberty in the construction of wills to travel outside and seek evidence of the testator's intention. They are confined to the will, and cannot speculate 2. upon the intention not therein expressed or plainly implied. The inquiry, therefore, is never what the testator meant to express, but what the words he used do express.

The intention to be carried into effect by a judicial interpretation or construction of a will is not that which existed in the mind of the testator when it was executed, but that which is embodied in the language of the will itself. *Pate* v. *Bushong* (1903), 161 Ind. 533, 63 L. R. A. 593; *Daugherty* v. *Rogers* (1889), 119 Ind. 254, 3 L. R. A. 847; *Engelthaler* v. *Engelthaler* (1902), 196 Ill. 230, 63 N. E. 669.

It is said in 4 Kent's Comm., *228: "All the modern cases contain one uniform language, and declare that the words, *heirs of the body,* whether in deeds or wills, 3. are construed as words of limitation, unless it clearly and unequivocally appears that they were used to designate certain individuals answering the description of heirs at the death of the party."

The rule in *Shelley's Case, supra,* is: "When the ancestor, by any gift or conveyance, taketh an estate of freehold, and in the same gift or conveyance an estate is limited, either mediately or immediately, to his heirs in fee or in tail, *the heirs* are words of limitation of the estate, and not words of purchase, and the ancestor takes the same in fee or in tail, as the case may be." *Allen* v. *Craft* (1887), 109 Ind. 476, 58 Am. Rep. 425; *Perkins* v. *McConnell* (1894), 136 Ind. 384; *Teal* v. *Richardson* (1903), 160 Ind. 119; *Lamb* v. *Medsker* (1905), 35 Ind. App. 662; *Burton* v. *Carnahan* (1906), 38 Ind. App. 612.

By our statutes (§3994 Burns 1908, §2958 R. S. 1881) "estates tail are abolished; and any estate which, according to the common law, would be adjudged a fee-tail, shall hereafter be adjudged a fee simple.

It will, therefore, be seen that under the rule in *Shelley's Case, supra,* the word "heirs," as thus used in its legal sense, is a word of limitation.

We do no violence to the well-established rule that in the construction of wills we look to the four corners thereof and the intention of the testator as the main and controlling question, for the reason that when the word "heirs" is used as a word of limitation it expresses the intention of the testator to devise an estate in fee simple. *Allen* v. *Craft, supra; Teal* v. *Richardson, supra.*

It does not clearly and unequivocally appear in the will that the word "heirs" as here used was not so used in its strict legal sense, but was used as a word of limitation. It therefore falls within the rule in *Shelley's Case, supra,* and must be measured by this rule. We are forced to hold that appellee took said real estate in fee simple.

The trial court did not err in sustaining the demurrer to appellants' answer.

Judgment affirmed.