## NEWHAUS ET AL. v. BRENNAN ET AL.

[No. 7,535. Filed March 15, 1912.]

1. DEEDS.—*Rule in Shelley's Case.*—The rule in Shelley's case is recognized in this state as a rule of property and not as a rule of construction. p. 657.

2. DEEDS.—*Construction.*—*"Heirs" or "Heirs of the Body."*—The words "heirs" or "heirs of the body" in their primary and strict legal meaning are words of limitation and not of purchase, and must be so construed unless the language employed in the instrument clearly indicates that a different meaning was intended. p. 657.

3. DEEDS.—*Rule in Shelley's Case.*—*Application of Rule.*—Where a deed in which the granting clause and the habendum are clear and definite, conveying a fee simple title to a named grantee, contains an intervening clause that at grantee's death the estate shall go to a brother, followed by a warranty of the land to the grantee, her heirs and assigns forever, the rule in Shelley's case will be applied. p. 658.

From Superior Court of Allen County; *Frank S. Roby,* Special Judge.

Suit by Julia T. Brennan and Bernard T. Brennan against Henry Newhaus, Kajetan J. Bauer and German American National Bank. From a judgment for plaintiffs, defendants appeal. *Affirmed.*

*H. C. Hanna, J. F. Rodabaugh, Barrett & Morris,* for appellants.

*C. A. Hays* and *E. V. Harris,* for appellees.

FELT, C. J.—This is a suit to quiet title to certain real estate, and involves the construction of a deed purporting to convey said real estate. The facts of the case were found specially by the trial court, in substance, as follows: Appellant Henry Newhaus and appellee Julia T. Brennan are brother and sister, and Franciska A. Wagner, grantor in the deed involved, was their aunt. From the time she was thirteen years old until she was twenty years old appellee

Julia T. Brennan worked in the household of her said aunt, who on September 6, 1889, duly executed and delivered to her the following instrument:

"This indenture witnesseth, that *Franciska A. Wagner, widow and sole legatee of Henry C. Wagner, deceased,* of *Allen* county, in the State of *Indiana,* in consideration of *fifteen hundred dollars, and love and affection to her paid by Julia T. Brennan, the* receipt whereof is hereby acknowledged, do grant, bargain, sell and convey to the said *Julia T. Brennan for and during her natural life,* her heirs and assigns forever, the following real estate in *Allen* county, in the State of *Indiana,* as follows, to wit: [Description omitted.] *The above-described property is to remain in possession of the said Julia T. Brennan during her natural life, and in the event of her death the property is to go to her brother, Henry Newhaus,* together with all the privileges and appurtenances to the same belonging; to have and to hold the same to the said *Julia T. Brennan,* her heirs and assigns forever, the grantor, *her* heirs and assigns covenanting with the grantee, *her* heirs and assigns, that the title so conveyed is clear, free and unencumbered; that *she* is lawfully seized of the premises aforesaid, as of a sure and indefeasible estate of inheritance in fee simple and that *she* will warrant and defend the same against all claims whatsoever."

Said deed was duly acknowledged and recorded, and Julia T. Brennan and her husband and coappellee, Bernard T. Brennan, immediately took possession of said real estate, have since remained in exclusive possession thereof, and have made valuable improvements thereon. The grantor died about 1893.

On April 15, 1908, Henry Newhaus, who claimed title under said deed, executed a mortgage on the real estate thereby conveyed, with covenants of warranty, to appellant Kajetan J. Bauer, to indemnify said Bauer, as surety, on a certain note to appellant German American National Bank. Appellees thereupon brought this action to quiet title to the real estate, to have the deed construed, and to cancel the mortgage.

The court also found that the actual consideration of the deed in question, on the part of Julia T. Brennan, was the services rendered by her to said Franciska A. Wagner; that the part of the deed not set out in italics was a printed form, and the parts italicised were written in by the scrivener; that the deed was made as the grantor intended it should be, and the scrivener did not make any mistake in writing it. On these facts the court concluded the law to be (1) that appellee Julia T. Brennan is the owner in fee simple of the real estate described in said deed; (2) that her title thereto should be quieted as against all appellants. Appellants admit the correctness of the facts as found, but separately challenge each conclusion of law.

No good purpose can be subserved in this case by a detailed consideration of the numerous propositions advanced by the respective parties to overthrow or to sustain the judgment of the lower court. They all lead to the single question, Does the language of the deed bring the case within the rule in Shelley's Case (1581), 1 Coke *94? The trial court answered this question in the affirmative.

Appellant contends that the language employed in the deed does not bring the case within the rule, and relies mainly upon the following decisions to sustain that contention. *Earnhart* v. *Earnhart* (1891), 127 Ind. 397, 22 Am. St. 652; *McIlhinny* v. *McIlhinny* (1894), 137 Ind. 411, 24 L. R. A. 489, 45 Am. St. 186; *Adams* v. *Merrill* (1910), 45 Ind. App. 315; *Adams* v. *Alexander* (1902), 159 Ind. 175.

In each of the foregoing cases, and many other cases cited by appellant, it was held either that the rule in Shelley's Case, *supra*, did not apply, or that the language employed clearly expressed the intention of the grantor, and did not conflict with the law as declared in this State. The facts in each case must be considered in the light of established legal rules of construction, and when so considered none of the cases cited and relied on by appellant is decisive of the case at bar. The rule in Shelley's Case, *supra*, has many

times been stated, in substance, to be as follows: "Where a freehold is limited to one for life, and by the same instrument, the inheritance is limited, either mediately or immediately, to heirs or heirs of his body, the first taker takes the whole estate, either in fee simple or fee tail, and the words, 'heirs' or 'heirs of the body', are words of limitation, and not of purchase." *Taney* v. *Fahnley* (1890), 126 Ind. 88. See, also, *Perkins* v. *McConnell* (1894), 136 Ind. 384.

By §3994 Burns 1908, §2958 R. S. 1881, estates tail were abolished, and have become estates in fee simple. *Lee* v. *Lee* (1910), 45 Ind. App. 645.

Whatever may be the wisdom of the doctrine, the rule in Shelley's Case, *supra,* has for many years been recognized in this State as a rule of property and not a rule of

1. construction. *Teal* v. *Richardson* (1903), 160 Ind. 119; *Shimer* v. *Mann* (1885), 99 Ind. 190, 192, 50 Am. Rep. 82; *Allen* v. *Craft* (1887), 109 Ind. 476, 479, 58 Am. Rep. 425.

The words "heirs" or "heirs of the body", in their primary and strict legal meaning, are words of limitation and not of purchase, and must be so construed, unless the

2. language employed clearly indicates that they were intended to convey another and different meaning, which is clearly indicated by the language of the instrument. *Teal* v. *Richardson, supra,* 120, 122; *Allen* v. *Craft, supra,* 480; *Doren* v. *Gillum* (1894), 136 Ind. 134, 138.

The word "heirs" when written into a deed is one of great power and its technical import cannot be changed by words that only raise a doubt or negative the usual legal meaning of the word. *Taney* v. *Fahnley, supra,* 90; *Allen* v. *Craft, supra,* 480, 487; *Shimer* v. *Mann, supra,* 193; *Lee* v. *Lee, supra,* 648.

Under the rule in Shelley's Case, *supra,* both the premises and the *habendum* of the deed under consideration place

the fee simple title in Julia T. Brennan, and the only doubt that can arise is due to the clause following the description of the real estate, which gives to her possession during lifetime, and provides that at her death "the property is to go to her brother, Henry Newhaus." The covenants all run to "Julia T. Brennan, her heirs and assigns forever."

Where both the granting clause and the *habendum* are clear and definite, conveying a fee simple title to a named grantee, as in this case, and the intervening, or other clause, relied on to show an estate in such grantee less than a fee, is of a character similar to that of the deed now under consideration, we know of no case in Indiana, and none has been cited by appellant, that will warrant us in refusing to apply the rule in Shelley's Case, *supra*.

In the case of *Granger* v. *Granger* (1897), 147 Ind. 95, 107, 36 L. R. A. 186, 190, the court said: "It is, of course, still true, at least in this State, that where the contrary intention is not clear, or where, in connection with a grant of the fee, or even of a life estate, the words 'heirs', 'heirs of the body', or other words of inheritance, are used to denote the successive line of those who would be entitled to take the estate, a fee simple, absolute, will pass, fees tail having been abolished by the statute, or, rather, having been declared to be the equivalent of fees simple." §3994 Burns 1908, §2958 R. S. 1881. As supporting our conclusion, see, also, the following cases: *Siceloff* v. *Redman's Admr.* (1866), 26 Ind. 251, 255; *Burton* v. *Carnahan* (1906), 38 Ind. App. 612; *Taylor* v. *Stephens* (1905), 165 Ind. 200, 206; *Davenport* v. *Gwilliams* (1892), 133 Ind. 142, 22 L. R. A. 244; *Waters* v. *Lyon* (1895), 141 Ind. 170; *Marsh* v. *Morris* (1893), 133 Ind. 548, 555; *Allen* v. *Craft, supra*, 484, 486; *Shimer* v. *Mann, supra*, 192; *Teal* v. *Richardson, supra*, 122; *Perkins* v. *McConnell, supra; Lane* v. *Utz* (1892), 130 Ind. 235; *Adams* v. *Merrill, supra; Carpenter* v. *Van Olinder* (1889), 127 Ill. 42, 19 N. E. 868, 2 L.

R. A. 455, 11 Am. St. 92; *Palmer* v. *Cook* (1896), 159 Ill. 300, 42 N. E. 796, 50 Am. St. 165; note to *Hamilton* v. *Sidwell* (1909), 29 L. R. A. (N. S.) 961; 1103, 1162.

We therefore hold that the trial court did not err in applying said rule, and in stating its conclusions of law accordingly.

Judgment affirmed.