Filed February 3, 1893.

◆

No. 15,943.

## MARSH v. MORRIS ET AL.

VENIRE DE NOVO.—*Motion for.*— *When Can Not Prevail.*—*Defective Verdict.*— A motion for a *venire de novo,* based upon a verdict which makes a finding upon all the issues joined, can not prevail.

APPEAL.—*Sole Appeal by one of Several Defendants.*—*Questions Arising on Pleadings of a Co-defendant.*— *When Can and when Can Not be Considered.*— *Motion to Modify Judgment.*—*Foreclosure of Mortgage.*—Where A., a defendant, in his motion to modify the judgment of the court, asked that the judgment be so modified as to foreclose a mortgage held by B., a co-

Marsh *v.* Morris *et al.*

defendant, against the land in controversy, B. not having taken an appeal from the judgment of the lower court, but A. having appealed solely in his own behalf, the overruling of the motion to modify the judgment so as to effect a foreclosure of B's mortgage, could present no question on appeal by A., unless his (A's) pleadings, or the evidence, or the finding of the jury, show him entitled to such relief; and where A. assigns as error the overruling of the motions of B. for a new trial and to modify the judgment, such assignment of error can present no question on appeal, the action of the court being such as affected the judgment as to B., unless it should appear from the record that B's pleadings entitled her to the relief asked for by A., and that A's pleadings also entitled him to the benefit of the relief prayed for B.

ASSIGNMENT OF ERROR.—*Question not Saved by Bill of Exceptions or Order of Court.—Can Not be Considered.*—When a question arising on an assignment of error, as to overruling a motion to modify a judgment, is not brought into the record by a bill of exceptions or by order of the court, such assignment of error will not be considered.

JUDGMENT.—*Motion to Modify.— When Can Not Prevail.—Not in Consonance with Relief Asked.*—Where a defendant in his cross-complaint laid claim to the whole of a tract of land, and the judgment of the court thereon decreed him the owner of one-third thereof, a motion by said defendant to modify the judgment so as to decree him the owner of two-thirds of said land, not being sustained by his cross-complaint, nor by the evidence or finding of the jury, can not prevail.

NEW TRIAL.— *Verdict Sustained by Evidence.*—That the verdict of the jury is sustained by the evidence, see facts set out in opinion.

SAME.— *Verdict Contrary to Law.*—That the verdict of the jury is not contrary to law, see reason given in opinion.

DEED. —*Limiting Words After Granting and Descriptive Words. — Effect on Estate.—Must be Apt Words.—Effect Irresistible.*—Where, in a deed conveying land in fee simple to Elizabeth Marsh, the following words appeared : "The above real estate falls to James D. Marsh after the death of Elizabeth Marsh," such words can not operate to create a life estate in Elizabeth Marsh with a remainder over to James D. Marsh, the rule being that words so introduced into a deed after the words of conveyance and warranty, in order to limit the estate, must be apt words for the purpose, so that when taken in connection with the granting words of the deed, the meaning will be clear and irresistible on the face of the deed that a life estate only was intended.

From the Madison Circuit Court.

*H. C. Ryan,* for appellant.

*E. B. Goodykoonts, G. M. Ballard, W. A. Kittinger* and *L. M. Schwinn,* for appellees.

HOWARD, J.—This was an action for partition and to quiet title to real estate, brought by appellees against appellant and others. James D. Marsh alone appeals.

On September 27, 1870, Elizabeth Marsh, then the wife of appellant, purchased the land described in the petition for partition, taking the title by warranty deed in her own name. Following the description of the land in the deed, as recorded in the recorder's office of Madison county, appear the words: "The above real estate falls to James D. Marsh at the death of Elizabeth Marsh."

On July 8, 1874, Elizabeth Marsh and appellant, her husband, executed a mortgage on said land to John W. Grubs and Elijah P. Haney, to secure the payment of $414.

On September 22, 1874, Elizabeth Marsh died intestate, leaving as her sole heirs the appellant, her husband, and their six children, the appellees, Launa E. Morris, Sarah A. Parker, Amanda M. L. Aldridge, and Margaret E. K. Marsh, and also Arminta J. Ray and Florence I. Shipley, which last two were defendants below, but do not appear as parties to this appeal.

On June 16, 1879, for the purpose, as he says, of redeeming said land from foreclosure on said mortgage to Grubs and Haney, appellant in his own name, executed a mortgage on said land to the Middlesex Banking Company, defendant below.

In August, 1884, not being able to pay the mortgage of the Middlesex Banking Company, appellant executed a mortgage on said land for $400 to W. A. Van Buren, defendant below, who assigned said mortgage to Lydia A. Finch, also defendant below, who still holds it.

On February 25, 1888, appellees began this action, filing their complaint in two paragraphs. The first paragraph is for simple partition and to quiet title, claiming that the children of Elizabeth Marsh are the owners as tenants in common of the undivided two-thirds, and the appellant,

her husband, of the undivided one-third of said real estate. The second paragraph recites the facts hereinbefore set out, making the holders of the mortgages defendants; also making the Cincinnati, Wabash & Michigan Railway Company a defendant, to whom it is alleged appellant had attempted to convey a right of way along the east side of said land, claiming, also, that the words in the deed to Elizabeth Marsh ("the above real estate falls to James D. Marsh at the death of Elizabeth Marsh)" were not in the deed when executed and delivered to her, but were afterwards inserted by appellant; that said mortgages were fully paid; that they were never a lien on appellees' interest in said land, and are a cloud thereon; that appellant is the owner of the undivided one-third of said land, and that appellees, Launa E. Morris, Sarah A. Parker, Amanda M. L. Aldridge, Margaret E. K. Marsh, and also Arminta J. Ray and Florence I. Shipley, defendants below, are each the owner of the undivided one-ninth of said land, asking for partition, and that said mortgages be declared satisfied, and other claims of defendants declared void, and appellees' title quieted.

The appellant answered by general denial, and also filed a cross-complaint against appellees, and against his co-defendants, the remaining children of Elizabeth Marsh, and also against the defendant, the Middlesex Banking Company, mortgagee, claiming ownership in fee simple of the whole of the land in controversy, and alleging that the mortgage of said banking company was fully paid, and asking that it be satisfied of record, and that his title to all of said land be quieted against all the defendants to his cross-complaint.

The defendant Lydia A. Finch also filed her cross-complaint and other pleadings, which need not be further noticed, as she makes no appeal.

The appellant filed an additional answer in general denial to each paragraph of the complaint.

Appellees demurred to the cross-complaint of appellant for want of facts, which demurrer was overruled by the court, and appellees then answered by general denial.

The cause was submitted to a jury for trial, who returned a general verdict for appellees, and also answers to various interrogatories. Thereupon the court, after overruling a motion by appellant for a *venire de novo*, rendered judgment as prayed for by appellees.

The first error assigned by appellant is the overruling of his motion for a *venire de novo*. There does not appear to have been any error in overruling this motion. The verdict of the jury does not seem to be defective. Appellant's cross-complaint averred that the mortgage to the Middlesex Banking Company had been fully paid; appellees' complaint made the same averment. The only issue between appellees in their complaint and appellant in his cross-complaint was as to his interest in the real estate in controversy. Appellant claimed that he owned all the land by virtue of the deed to Elizabeth Marsh; appellees claimed that appellant, as widower of said Elizabeth Marsh, owned one-third of said land, and that the remaining two-thirds of said land was owned by the children of said Elizabeth Marsh. On this issue the jury found in a general verdict, for appellees, and answered interrogatories in harmony with the general verdict. This was a full finding on the issues joined, and there was no defect on the face of the verdict that could be reached by a *venire de novo*. As to the satisfaction and release of the Middlesex Banking Company's mortgage, which was asked for in both the complaint and the cross-complaint, and concerning which appellant argues so earnestly, the finding of the jury being for appellees, appellant can not complain particularly, since the court, in its decree, declared this mortgage " fully paid and satisfied."

The fourth assignment of error, the overruling of the motion of the defendant, Lydia A. Finch, for a new trial,.

and the fifth assignment, the overruling of the motion of the said Lydia A. Finch to modify the judgment, can not be considered in this appeal, which is taken by the defendant, James D. Marsh, as sole appellant. Questions arising under the pleadings of the defendant, Lydia A. Finch, and affecting the verdict and judgment as to her, are not before the court for review, unless it should appear on the record that her pleadings entitled her to the relief asked for by appellant, and that his pleadings also entitled him to the benefit of the relief prayed for her, none of which are shown on the record.

The third assignment of error is the overruling of appellant's motion to modify the judgment. This motion and the ruling of the court thereon are not brought into the record by a bill of exceptions or by order of the court, and are not before the court for consideration. We have, however, looked into the motion as recited in the transcript, and find that appellant asked the court to modify the judgment so as to decree that appellant was the owner of two-thirds instead of one-third of the land. This was not prayed for in the cross-complaint, nor was there any thing either in the evidence or in the finding of the jury to sustain it. In appellant's cross-complaint, he asserted title to all the land in controversy. In the motion, the appellant also asked for a modification of the decree so as to foreclose the mortgage of Lydia A. Finch, on the whole of the land. This was a matter that might be the subject of a motion on the part of Lydia A. Finch, but it could not be granted on motion of appellant, unless his pleadings or the evidence or finding of the jury showed him entitled to such relief. The motion also asked for the satisfaction of the Middlesex Banking Company's mortgage; the decree did already declare this mortgage fully paid and satisfied.

The remaining assignment of error, the second, is that the court erred in overruling appellant's motion for a new

trial. The motion for a new trial begins as follows: "Comes now the defendant, James D. Marsh, and for himself alone herein files his separate motion for a new trial of said cause, for the following reasons, to wit," giving thirteen reasons. Appellant discusses but two of these reasons in his brief, saying: "The motion for a new trial should have been sustained for two reasons, viz.: that the verdict of the jury was not sustained by sufficient evidence; that the verdict of the jury was contrary to law."

We find nothing in appellant's argument that tends in any degree to support his contention as to these reasons for a new trial. The only material issue for the decision of the jury was as to the interest of appellant in the real estate in question, his claim being that he was the owner of all the land under the deed of Elizabeth Marsh; while appellees averred that he owned only one-third of the land by descent from her—the following words having been fraudulently inserted in Elizabeth Marsh's deed after its execution and delivery: "The above real estate falls to James D. Marsh at the death of Elizabeth Marsh." On this issue, which controlled all others in the case, the jury found generally for appellees, and they found specially, in answer to the fourth interrogatory that these words were inserted in the deed by James D. Marsh after its signature and delivery. Appellant admits that, with this finding of the jury before us, under the settled rules of this court, the case would not be reversed on the weight of the evidence, unless the court should conclude to consider the matter in connection with failure of proof on some other questions to be pointed out. The only other questions that are pointed out are those concerning the Middlesex Banking Company's mortgage, and the mortgage of Lydia A. Finch. In the decree of the court, as we have seen, the banking company's mortgage is declared fully paid and satisfied. Besides, this was a purely

equitable question, being the satisfaction of a mortgage, and not triable by a jury, except at the desire of the court, and then only to satisfy the court as to some fact in question. The court need not in any respect regard such finding of the jury. *Lane* v. *Schlemmer*, 114 Ind. 296; *Stix* v. *Sadler*, 109 Ind. 254; *Hendricks* v. *Frank*, 86 Ind. 278; *Martin* v. *Martin*, 118 Ind. 227.

As to the mortgage of Lydia A. Finch, though the greater part of appellant's brief is taken up with it, and with the pleadings and motions of Lydia A. Finch concerning it, yet, as we have seen, Lydia A. Finch is not here appealing, and the rulings of the court below in her case have no place in this appeal, unless it is otherwise shown by the record that appellant is entitled to such remedy, but neither his pleadings nor the evidence make such a showing. She seems to be satisfied with the decision of the court below, and, even if she is not, this appellant can not come here to right her wrongs. The verdict is fully supported by the evidence. *Whitworth* v. *Ballard*, 56 Ind. 279; *Compton* v. *Jones*, 65 Ind. 117.

Neither is the verdict contrary to law. The rights of Lydia A. Finch, if any, can not be called in to aid those of appellant, under the pleadings and evidence, as shown in the record, and appellant being found the owner of one-third of the land, he can not in this proceeding, and under the issues as made in his own cross-complaint, have any relief as to the payment of the mortgage given by him to W. A. Van Buren, and now owned by Lydia A. Finch. And even if the jury had not found that the deed of Elizabeth Marsh had been changed after signature and delivery, by the insertion after the description of the land of the words: "The above real estate falls to James D. Marsh after the death of Elizabeth Marsh," still, these words would not suffice to convey the land to James D. Marsh, on the death of Elizabeth. The grantors in that deed had already conveyed the land in fee simple to Eliza-

beth Marsh, and the words added could not divert that fee simple into a life estate. Any words so introduced into the deed, after the words of conveyance and warranty, in order to so limit the estate must be apt words for the purpose, so that when taken in connection with the granting words of the deed the meaning will be clear and irresistible on the face of the deed that a life estate only was intended.

It would seem that if appellant had any rights in this controversy he has mistaken his remedy. If he paid a lien placed upon the real estate by Elizabeth Marsh, to save the land from sale on foreclosure, for the benefit of himself and the other tenants in common, it may be that he would be entitled to contribution from them in a proper action, but this is not such an action. *Eads* v. *Retherford*, 114 Ind. 273; *Moon* v. *Jennings*, 119 Ind. 130.

Whether appellant could in any case enforce such contribution, he certainly could not under the pleadings and evidence in this case. And whether Lydia A. Finch might be entitled to subrogation to the lien of the mortgage given by Elizabeth Marsh and her husband, the appellant, does not appear from her pleadings below, and even if she were entitled to such subrogation, that could not avail appellant here under his pleadings. He has not asked in his cross-complaint for such relief. Besides, having failed to answer the cross-complaint of Lydia A. Finch, he stands here as having denied its allegations. *Felger* v. *Etzell*, 75 Ind. 417; *Johnson* v. *Briscoe*, 92 Ind. 367; *Chambers* v. *Butcher*, 82 Ind. 508.

We find no error in the record for which the judgment ought to be reversed.

Judgment affirmed.

Filed February 4, 1893.