MARY A. PALMER

*v.*

EDWIN C. COOK.

*Filed at Springfield January 17, 1896.*

1. DEEDS—*fee once vested cannot be limited by other language of deed.* Terms in a deed which vest a fee in the first taker are not controlled by other parts of the instrument showing an intention to give a less estate.

2. REAL PROPERTY—*a fee cannot be limited upon a fee.* A contingent remainder to the survivor in fee is not created by a deed which, after a clause using terms sufficient to convey a fee to two grantees and then reserving a life use to the grantor, says, "in case either of the grantees dies without an heir her interest to revert to the survivor," as this is an attempt to limit a fee upon a fee, which can only be done by executory devise.

APPEAL from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

PEEBLES & PEEBLES, and A. N. YANCEY, for appellant:

In construing deeds the important matter is to ascertain the intention of the parties and the meaning they attached to the words used.   *Bradish* v. *Yocum*, 130 Ill. 391.

Every clause, word and term should be considered and each be given its legal effect, and nothing should be rejected as meaningless where it can stand consistently with the rules of law.   *Mittel* v. *Karl*, 133 Ill. 65; *Lehndorf* v. *Cope*, 122 id. 317; *Walton* v. *Follansbee*, 131 id. 147.

The word "heirs" may be construed to mean "children," when it is plain the testator employed it in that sense. *Swiver* v. *Mann*, 99 Ind. 190; *Smith* v. *Kimbell*, 153 Ill. 374; *Summer* v. *Smith*, 127 id. 651; *Urich's Appeal*, 86 Pa. St. 386.

As the deed  contains a grant to the two daughters, Mary and Emily, and provides if either should die without "a heir," (child,) we take it that it was intended that the one who died first should enjoy a life estate, with the remainder in fee to the survivor.   *Arnold* v. *Jacks*, 24 Pa. St. 57; *Lintz* v. *Lintz*, 2 Phila. 148; *Mittel* v. *Karl*, 133 Ill. 67.

RINAKER & RINAKER, for appellee:

The deed does not create an estate in joint tenancy, under section 5, chapter 30, of the Revised Statutes.   The clauses are repugnant and cannot both stand.   The first must be received and stand.   1 Cooley's Blackstone's Com. book 2, p. 380.

The court will declare what is the meaning of what is said in the deed, and not what the grantor might have meant to say but did not say.   *Flower* v. *Black*, 136 Ill. 363.

The grantor conveyed the fee to one, and then, on a specified contingency, sought to transfer that fee to another.   This cannot be done by deed.   This can only be done by executory devise.   1 Cooley's Blackstone's Com. book 2, pp. 172, 297.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellee filed a bill for dower and partition of certain lands alleged to have belonged to Emily C. Cook at the time of her death, he being her surviving husband. Her title was acquired by the following deed:

"The grantor, Thomas Stewart, of, etc., for and in consideration of one dollar in hand paid, doth hereby grant, bargain, sell, convey and warrant to Mary A. Stewart and Emily C. Stewart, of Macoupin county, the following real estate, to-wit: The south-west quarter of the north-west quarter of section 14, and south-east quarter of the north-east quarter of section 15, all in township No. 12, north, range 8, west, in Macoupin county, State of Illinois. And I, Thomas Stewart, as for myself, retain possession and reserve the use, profits and full control during my life; and further, in case either of the grantees dies without a heir, her interest to revert to the survivor.

"Dated this 10th day of March, 1883.

THOMAS STEWART. (Seal.)"

The trial court held the fee vested in the grantees, and decreed dower and partition. This appeal is prosecuted.

Appellee insists that the deed conveys the title in fee simple to the grantees therein, and that the last clause in the deed, containing the following words, to-wit: "And further, in case either of the grantees dies without a heir, her interest to revert to the survivor," is inoperative and void. He alleges that he is the owner, as such heir to his deceased wife, of the undivided half of the undivided half of said lands above mentioned. Appellant denies the right of appellee to any right, title or interest of, in or to the said tracts of land in said deed mentioned. Her contention is, that by the deed from Thomas Stewart to her and the deceased wife of appellee the grantees took simply a life estate, with a contingent remainder to the survivor in fee.

By the thirteenth section of chapter 30 of the Revised Statutes it is provided: "Every estate in lands which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law." By section 9 of the same chapter the words "convey and warrant" to the grantee are declared to be a conveyance in fee simple to the grantee, his heirs and assigns, with certain covenants, etc.

This deed is clearly within the letter and spirit of section 9, and by the two sections above named a fee simple estate was vested in the grantees. It is an established principle of construction of contingent remainders, that an estate cannot, by deed, be limited over to another after a fee already granted. The term "remainder" necessarily implies what is left, and if the entire estate is granted there can be no remainder. This deed effected an absolute fee simple conveyance by the first clause of the deed and vested the estate. By the last clause an attempt is made to mount a fee upon a fee, which can only be done by executory devise. (*Smith* v. *Kimbell*, 153 Ill. 368; *Fowler* v. *Black*, 136 id. 363; *Griswold* v. *Hicks*, 132 id. 494.) It is a further principle of construction of deeds, that if the terms used vest a fee in the first taker, other parts of the instrument showing an intention to give a less estate will not control. (*Carpenter* v. *Van Olinder*, 127 Ill. 42.) Under the statute, the conveyance being to the grantee and her heirs and assigns, the terms have, in law, a definite meaning. By the use of terms of a definite legal meaning the intention can be determined from the language used. If that language means a certain thing and nothing else, then the only reasonable construction is that what was intended was expressed in the language used. The

language used did not create an estate in joint tenancy nor a life estate.

Under these principles this deed reserved to the grantor a life estate and vested a fee in the grantees, and the clause, "and further, in case either of the grantees dies without a heir, her interest to revert to the survivor," must be·held to be inoperative, as a limitation of the fee.

The decree of the circuit court is affirmed.

*Decree affirmed.*