### SCOTT STEWART

*v.*

### EDWARD STEWART *et al.*

*Opinion filed June 21, 1900.*

REAL PROPERTY—*when conveyance passes fee to first grantee.* A conveyance of property to the grantor's wife and at her death to the grantor's son, and at his death to his wife and children, if any living, and if none, to a named person, the title to be in fee simple and each party to have the right to convey while the title is in such party, passes the fee to the grantor's wife, whether the instrument be regarded as a deed or a will, the attempted limitations upon the fee being void as repugnant to the estate granted.

APPEAL from the Circuit Court of Richland county; the Hon. P. A. PEARCE, Judge, presiding.

REDMON & HOGAN, and LEVI CLODFELTER, for appellant.

R. B. WITCHER, and DAVIDSON & ISLEY, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a decree in partition, rendered in accordance with the prayer of the bill. Jonathan Stewart, who was the owner in fee of the land, (about eighty-five acres in Richland county,) on the third day of March, 1893, made and acknowledged the following instrument, purporting to be a deed of general warranty to said lands:

"*Warranty Deed.*—The grantor, Jonathan Stewart, of the township of Preston, in the county of Richland and State of Illinois, for the consideration of love and affection and one ($1.00) dollars, convey and warrant to Mary Jane Stewart, of the township of Preston, county of Richland and State of Illinois, all interest in the following described real estate: The north half of the north-east quarter of section (6), township four (4), north, range ten (10), east, eighty-five acres, more or less. This deed is to take effect at the death of grantor, and at death of grantee to go to Scott Stewart, and at his death to his widow and children, if any living, and if none, to Edward Stewart, to be in fee simple, and either party to have power to sell and make warranty deed while the title may be in such party. Situated in the county of Richland, in the State of Illinois, hereby releasing and waiving all right under and by virtue of the homestead exemption laws of this State.

"Dated this third day of March, A. D. 1893.

JONATHAN $\overset{\text{his}}{\underset{\text{mark}}{\text{X}}}$ STEWART.     [Seal.]

"Signed, sealed and delivered in the presence of

GEORGE MADDEN,
J. T. KERMICLE.

"STATE OF ILLINOIS, $\left.\right\}$ *ss.*
 *Richland County.*

"I, Peter Kermicle, a justice of the peace in and for said county, in the State aforesaid, do hereby certify that Jonathan Stewart, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead.

"Given under my hand and official seal this fourth day of March, A. D. 1893.     PETER KERMICLE, J. P.     [Seal.]"

Stewart died in May following, leaving his children and grandchildren, the appellant, Scott Stewart, and the appellees, as his heirs-at-law. Upon his death said instrument was filed for record in the office of the recorder of deeds, and his widow, Mary J. Stewart, mentioned in the instrument, remained in possession of the premises until her death, in August, 1897, and the appellant, Scott Stewart, has had possession since then, claiming title to the property. The bill was filed against him by the ap-

pellees for partition and for an accounting of the rents and profits. The bill alleged and the answer admitted that the deed was never delivered but remained in the control of Jonathan Stewart during his lifetime. The appellant, who was the only defendant below, alleged in his answer that by the said instrument Jonathan Stewart intended to make, and did make, a testamentary disposition of said property; that it was a valid will, duly attested by two credible witnesses, as required by the statute, and that he had filed the same with the proper petition for probate thereof, and that the proceeding was then pending in the county court; that by said alleged will his mother, said Mary J. Stewart, took a life estate and upon her death the title vested in him, and that the complainants had no title to or interest in the property. The court found that the complainants and the defendant were entitled to the property as tenants in common, as alleged in the bill, but the record does not show whether as heirs-at-law of Jonathan Stewart or of Mary J. Stewart, or what effect, if any, was given to said supposed will or deed.

From the view we take of the case it will be unnecessary to consider whether said instrument was a valid deed or not, or a valid will or not. As the record is presented it is sufficient to determine whether the complainants and the defendant are seized of the property as tenants in common and in the proportions found by the decree, or whether defendant is entitled, as alleged by him, under said instrument, supposing it to be sufficient to pass title to the property as either a deed or a will.

If the instrument had been admitted to probate as a valid will, its effect upon the title to the property, so far as these litigants are concerned, would have been the same as it would had the instrument taken effect as a deed. In either case it would be necessary to ascertain what title passed to Mary J. Stewart, and what, if any, title passed to appellant, for if Mary J. Stewart took title

thereunder in fee simple, then upon her death, she having died intestate, the property descended to the complainants and defendant as her heirs-at-law, and they were the same persons as the heirs-at-law of Jonathan Stewart. It is clear that, regarding said instrument as either a valid deed or will, it would pass the title in fee to Mary J. Stewart. The attempted limitations upon the fee granted to her are repugnant to the estate so granted, and are void. By the very terms of the instrument the maker undertook to pass title in succession to each of the persons mentioned in fee simple,—first to Mary J. Stewart and upon her death to Scott Stewart, the appellant, and upon his death to others mentioned. This he could not do by either a will or a deed. The effect of the instrument, if it had been delivered and had taken effect as a deed or if it had been admitted to probate as a will, would have been to pass the whole title in fee to Mary J. Stewart, and to leave no remainder for the appellant or other subsequently mentioned beneficiaries to take. (*Palmer* v. *Cook*, 159 Ill. 300, and cases there cited.) If, therefore, as claimed by appellant, effect should be given to the instrument as a will, he would take nothing by it, but would inherit from his mother, Mary J. Stewart, with the other heirs, in precisely the same proportion as he would from his father, Jonathan Stewart, in case it were held that the instrument had no effect either as a will or a deed. In either event the complainants in the bill were tenants in common with him and entitled to partition as decreed. True, appellant also set up in his answer an alleged will made by the testator a few weeks before the making of the deed; but this will was never presented for probate but was treated as having been revoked by the testator, and we are satisfied from the evidence that it was his intention to revoke it, and that he did in fact revoke it.

The errors alleged cannot be sustained, and the decree will be affirmed.           *Decree affirmed.*