MEACHAM *v.* BLAESS.

1. VENDOR AND PURCHASER—BONA FIDE PURCHASER—RECORDS—
DEEDS NOT IN CHAIN OF TITLE.

On a bill against bona fide purchasers to reform an ancient
deed, other deeds made by the same grantor of other lands to
other children are not admissible to show the grantor's pur-
pose in making the deed in question, the record of deeds not
in defendants' chain of title not being notice to them.

2. DEEDS — CONSTRUCTION — GRANTING CLAUSE — REFERENCE TO
HABENDUM.

Where there is ambiguity in the granting clause of a deed, the
habendum may be looked to, not to limit or restrict the estate,
but to define it.

3. SAME—ESTATE GRANTED.

A grant to M. "during her life, grantee, and to her heirs and
assigns, forever," habendum to M., "and to her heirs and
assigns, in fee simple, forever," conveys a fee to M. and her
heirs.

Appeal from Washtenaw; Kinne, J.    Submitted June
14, 1905.    (Docket No. 5.)    Decided September 19, 1905.

Bill by William Pitt Meacham against Robert Blaess
and others to reform a deed.    From a decree dismissing
the bill, complainant appeals.    Affirmed.

*Cavanaugh & Wedemeyer* (*Thomas A. Bogle* and
*Jay F. Lyon*, of counsel), for complainant.

*J. F. Lawrence* and *Arthur Brown*, for defendants.

MONTGOMERY, J.    In 1854 John Geddes was the owner
of a large tract of land in Washtenaw county.    On the
4th of May in that year he conveyed to his daughter, Pru-
dence Meacham, the 80-acre parcel which is the subject-
matter of this suit by a conveyance the material parts of
which read as follows:

"Know all men by these presents, that I, John Geddes, of Lodi, in the county of Washtenaw, and State of Michigan, grantor, for and in consideration of the sum of sixteen hundred dollars ($1,600) to him in hand now here duly paid, the receipt whereof is hereby acknowledged, have granted, bargained, sold, and released, and by these presents do grant, bargain, sell, release, and convey, unto Prudence Markham, during her life, grantee, and to her heirs and assigns, forever."

Here follows the description. The habendum and covenants are as follows:

"To have and to hold the same unto the said grantee, Prudence Meacham, and her heirs and assigns, in fee simple, forever. And the said John Geddes, for himself and his heirs, executors, and administrators, do hereby covenant and agree with the said grantee, and her heirs and assigns, that I am seised of a good, sure, perfect, and indefeasible estate of inheritance in fee simple in the premises and every part thereof, and that I have full right and power to sell and convey the same in fee simple absolute, that the same are free and clear from any incumbrances whatever; that the said grantee and her heirs and assigns may forever hereafter have, hold, enjoy, and possess the same without any suit, molestation, or interruption by any person whatever lawfully claiming any right therein; and that I and my heirs, executors, and administrators will warrant and defend the premises and every part thereof unto the said grantee, and her heirs and assigns, forever."

In 1856, Urban D. Meacham and his wife, Prudence Meacham, conveyed the land in question by warranty deed to Augustus Widenmann, who in turn quitclaimed the land to Leopold Blaess in April, 1857. It appears that Widenmann was acting as agent for Blaess in making the purchase. Blaess occupied the land until his death, and defendants are his heirs. Complainant is the sole heir of Prudence Meacham, who died in 1903.

This bill is filed against the heirs of Leopold Blaess to reform the deed of May 4, 1854, and asking a determination that the deed conveyed a life estate only to Prudence Meacham, with remainder to her heirs. The bill avers

that a mistake was made in the preparation of the deed by omitting from the granting clause, after the words "during her life," the words "then to her children, forever," and also a mistake in omitting, after the words "Prudence Meacham" in the habendum clause, the words "and her children in fee simple, forever." It is conceded that the name "Markham" was erroneously written in place of "Meacham" in the granting clause, and both parties have assumed very properly that the case should be treated as though this name had been properly written in the deed. Testimony was offered to show the purpose of John Geddes to convey to his children, including Prudence, only a life estate, leaving the fee to the grandchildren. To support this claim deeds to other children made at about the same time were offered. We agree with the ·conclusion of the circuit judge that this line of testimony was not admissible to defeat the title of these defendants. The defendants' ancestors, it is fair to infer from the testimony, were good-faith purchasers. The record of deeds not in their chain of title was no notice to them.

The case must turn upon a construction of this deed. The circuit judge stated his views as follows:

"The granting clause of this deed conveys the lands to 'Prudence Meacham, during her life, grantee, and to her heirs and assigns, forever,' and the habendum clause confirmed the same to 'Prudence Meacham, and to her heirs and assigns, in fee simple, forever.' It has frequently been held that, when the granting clause was uncertain or indefinite, that the habendum clause might explain and define the same. There is doubt and confusion in the granting clause of this deed, but the language of the habendum is clear and certain, and leaves no doubt that an estate in fee simple was conveyed. It is not in contradiction or repugnant to the premises, but seems to explain and define the scope and meaning of the deed."

We agree with these conclusions. If the granting clause of this deed be considered apart from the habendum, it would be difficult to hold that the word "heirs" should be considered as intended as a word of purchase. It is

coupled with the word "assigns," and in this connection would be construed as meaning persons who would take from or through Prudence Meacham. But, when the words of the habendum are considered, the meaning is made clear.

It is generally held that, while the habendum may not limit or restrict the estate granted in the premises, it may define what was uncertain. It is also stated that a grant of a life estate may by the habendum be enlarged to a fee simple. See 2 Co. Litt. 299*a*; 2 Sanders on Uses & Trusts (4th Ed.), p. 318; Brewster on Conveyancing, § 131, and cases cited. In *Rines* v. *Mansfield*, 96 Mo. 394, the granting clause of a deed was to "M., her children and assigns," and the habendum and warranty were to "M., her heirs and assigns." It was held that the word "children" was used in the granting clause in the sense of "heirs," and that M. took an estate in fee. It is clear that this is giving greater force to the habendum than we have given to the one under consideration.

We are satisfied with the result reached by the circuit judge, and the decree dismissing the complainant's bill is affirmed.

CARPENTER, MCALVAY, GRANT, and OSTRANDER, JJ., concurred.