FINNEY *v.* BRANDON ET AL.

[No. 11,276.    Filed April 5, 1922.    Rehearing denied June 22, 1922.]

1. HUSBAND AND WIFE.—*Deeds to Husband and Wife.—Estate Conveyed.*—A deed to a husband and wife vests them with title by entireties so that upon the death of either, the survivor takes the whole. p. 452.

2. DEEDS.—*Construction.—Repugnant Clauses.*—Where a deed contains two repugnant clauses, the first will prevail. p. 452.

3. DEEDS.— *Construction.— Words after Those of Conveyance and Warranty.*—Words in a deed, after the words of conveyance and warranty, to limit the estate conveyed, must be apt words for that purpose, so that when taken in connection with the granting clause of the deed, the meaning will be clear and irresistible on the face of the deed that an estate less than that mentioned in the granting clause was intended to be conveyed. p. 452.

4. DEEDS.—*Warranty Deed to Husband and Wife.—Words Limiting the Estate Conveyed.— Construction.—* The words of a deed, after those of conveyance and warranty to J. and A., husband and wife: "It is agreed and understood by and between the grantees herein, that in the event of the death or remarriage of the grantee, A., after the death of the grantee J., that the above described real estate shall revert to and become the property of the children of the said J.," *held* not to give the children a contingent remainder, both because §§3998, 3999 Burns 1914, §§2962, 2963 R. S. 1881, as to the suspension of the power of alienation and as to remainders, would be violated, and because the quoted words are uncertain and doubtful in their meaning, and in irreconcilable conflict with the idea of any title conveyed to J. and A. by the deed. p. 453.

From Clinton Circuit Court; *Harry C. Sheridan,* Special Judge.

Action by Adaline Finney against Savannah Brandon and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Morrison & Devol,* for appellant.

*William Robison* and *O. E. Brumbaugh,* for appellees.

McMAHAN, J.—Appellant, claiming to be the owner in fee of certain real estate, brought this suit against

appellees to quiet her title thereto. There was a judgment against appellant that she take nothing. Appellant and appellees all claim title through a deed from Henry E. Rogers and wife to John V. Finney and Adaline Finney, made in October, 1904. The correctness of the judgment of the trial court depends upon the proper construction of this deed, which, omitting the formal parts and description of land, is as follows:

"THIS INDENTURE WITNESSETH, That Henry E. Rogers and Jennie Rogers, his wife, of Clinton County, in the State of Indiana, convey and warrant to John V. Finney and Adaline Finney, husband and wife, of Clinton County, in the State of Indiana, for the sum of Two Thousand ($2,000.00) Dollars, the following real estate in Clinton County, in the State of Indiana, to-wit: * * * Subject to all taxes for the year 1904 and thereafter. It is agreed and understood by and between the grantees herein, that in the event of the death or remarriage of the grantee, Adaline Finney, after the death of the grantee, John V. Finney, that the above described real estate shall revert to and become the property of the children of the said John V. Finney."

Appellant was the wife of John V. Finney at the time this deed was executed and continued to be his wife until his death in 1917. No children were born to Mr. Finney by virtue of his marriage with appellant. He had been married twice before and left surviving him children born to him by virtue of such previous marriages. Such children and their consorts are the appellees herein.

Appellant contends that she and her husband became the owners of the real estate in question as tenants by entireties, and that as survivor she is the owner in fee. Appellees concede that appellant's contention would be correct were it not for the stipulation of recital in the deed relative to the agreement and understanding be-

tween the grantees, "that in the event of the death or remarriage of the grantee, Adaline Finney, after the death of the grantee, John V. Finney, that the above described real estate shall revert to and become the property of the children of said John V. Finney." They insist, however, that the only interest or title held by appellant is an estate for and during her life or widowhood.

It is the settled rule in this state that a deed to a husband and wife vests them with title by entireties so that, upon the death of either, the survivor takes the whole. This was the rule at common law and has been recognized and adopted as the law of this state. It is a rule of property that has existed for more than a hundred years, and ought not and will not be overruled except for the most cogent reasons and upon the strongest convictions of its incorrectness. *Carver* v. *Smith* (1883), 90 Ind. 222, 46 Am. Rep. 210; *Chandler* v. *Cheney* (1871), 37 Ind. 391.

It is generally held that where a deed contains two clauses repugnant to each other, the first will prevail. *Chamberlain* v. *Runkle* (1902), 28 Ind. App. 599, 63 N. E. 486. And any words introduced into a deed, after the words of conveyance and warranty, in order to limit the estate must be apt words for the purpose, so that when taken in connection with the granting words of the deed, the meaning will be clear and irresistible on the face of the deed that an estate less than that mentioned in the granting clause was intended to be conveyed. *Marsh* v. *Morris* (1893), 133 Ind. 548, 33 N. E. 290. The rule is stated in 2 Devlin, Deeds (3d ed.) §843a, p. 1531, as follows: "And it may be stated as a general proposition that exceptions, conditions or reservations inconsistent with the interest granted by the deed and which have a tendency to depreciate or destroy it, are of no effect."

Appellant and her husband, John V. Finney, were the only persons named in the granting clause, which conveyed the property to them by entireties without any restrictions. The clause following the description does not, on the face of it, attempt or purport to extend, enlarge or abridge the estate granted to John V. Finney. The office of an *habendum* is to limit and define the estate which the grantee is to have in the property granted. The granting clause of the deed now under consideration granted to appellant and her husband the land in question without making any distinction between them. Under this clause they took the title in fee by entireties. The husband took no greater interest or title to the land under this clause than did appellant. Here the grantor deliberately used words and a form of grant that for centuries had been recognized as conveying to the grantees an estate by entireties. Not only was this the recognized rule at common law, but it has been recognized by the statutes of Indiana for more than 100 years. As was held by the court in *Simons* v. *Bollinger* (1900), 154 Ind. 83, 6 N. E. 23, 48 L. R. A. 234; §§3953, 3954 Burns 1914, §§2922, 2923 R. S. 1881, emphasize two propositions, (1) That joint tenancies must be held in disfavor and refused, except when forced by clear and unmistakable words, and (2) that the rule of the common law, as applicable to conveyances to husband and wife should remain undisturbed in this state. While the common law upon entireties was founded upon the doctrine of the legal unity of husband and wife, public policy may to a certain extent be responsible for its being recognized by the legislature in 1807, when the first statute in Indiana upon this subject was enacted, as well as when §§3953, 3954 Burns 1914, *supra,* were enacted.

If appellees' contention is correct, what title or estate did John V. Finney take under this deed? If their

claim prevails, all the elements of an estate by entireties and the right of survivorship thereunder are wanting. We are asked to hold that the greatest or highest estate given to appellant was a remainder for life and to take effect and begin upon the death of her husband, an estate that vested on the execution of the deed, but the enjoyment of which was postponed until after the death of her husband. No attempt is made by appellees to define the estate of John V. Finney. If appellant took a life estate or an estate during widowhood, can it be said that John V. Finney took a fee? If so, what was the character of that fee? Was it a fee simple, a determinable or a contingent fee? Could he have sold and conveyed the real estate with or without appellant joining in the conveyance? What effect would a conveyance or mortgage by him without appellant joining have had upon the title of appellant or of appellees? Did the title of John V. Finney depend upon him surviving appellant? In order to hold that he took a determinable fee, it is necessary to read into the deed some condition or provision, on the happening of which the fee should become absolute. None of the conditions or provisions necessary to create a determinable fee are found in this deed. And what shall we say as to whether it contains any of the necessary requisites to convey to Mr. Finney a contingent fee? The grantors, Henry Rogers and wife, by this deed parted with the fee simple title to this property upon the execution of this deed, and it at once vested in some one. Appellees make no claim that it vested in them. It must therefore have been conveyed to John V. Finney and appellant as tenants by entireties with remainder to appellant, or to John V. Finney alone. Appellees' sole and only claim is that, if appellant dies or remarries after the death of her husband, they upon that contingency become the owners in fee of the property. In other words they claim a contingent remainder

in fee created on a prior remainder in fee to take effect upon the death or remarriage of appellant at any time, and not on condition that she should die under the age of twenty-one years, or upon her remarriage before she attains that age. Such a contingent remainder is void, since it is in derogation of the statute prohibiting alienation. §§3998, 3999 Burns 1914, §§2962, 2963 R. S. 1881. The granting clause conveys without question an estate by entireties. While a remainder may be limited on a contingency, which in case it happens, will operate to abridge or determine the precedent estate (§3996 Burns 1914, §2960 R. S. 1881) such contingent remainder cannot be created on a prior remainder unless the provisions of the instrument creating such contingent remainder expressly provides that the contingent remainder shall take effect in the event that the person or persons to whom the first remainder is limited shall die under the age of twenty-one years, or upon some other contingency by which the estate of the first remaindermen may be determined before such first remaindermen attain their full age. §§3998, 3999 Burns 1914, *supra.* The clause under which appellees claim is not only uncertain and doubtful in its meaning, but in our judgment is in irreconcilable conflict with the idea of any conceivable title granted to appellant and her husband in the granting clause and is also void for that reason. The clause under which appellees claim title is also rendered more uncertain, since it does not purport to be an attempt of the grantors to limit, define, or abridge the title described in the granting clause. It appears to be a recital that the grantees had entered into an agreement. The evidence is that appellant was not present when the deed was made and knew nothing about the clause being inserted in the deed until two or three years after the deed was executed.

The judgment is reversed with directions to grant appellant a new trial and for further proceedings consistent with this opinion.