FERGUSON ET AL. *v.* MIX ET AL.

[No. 18,633. Filed February 8, 1955.]

252

*Mellen & Mellen,* of Bedford, for appellants.

*Robert O. Chambers,* of Washington, for appellees.

CRUMPACKER, J.—This controversy involves the ownership of an 80 acre farm in Martin County, Indiana, which formerly belonged to said county for the use and benefit of its school fund. The appellants sought to quiet their title thereto as the heirs at law of one Leona Ferguson, who died intestate on July 4, 1951, the alleged owner of said land through a deed executed to her by Lee O. Cobb as Auditor of Martin County on the 16th day of October, 1937. The appellee Henry C. Woods claims to have acquired title to said land upon the death of Leona Ferguson by reason of having furnished its purchase money as consideration for a purported agreement which appears at the bottom of the deed immediately following the grantor's signature and its acknowledgment. Said purported agreement reads as follows: "It is agreed and understood that in case of the death of Leona Ferguson the above described property will revert back to Henry C. Woods." The appellee Mix claims ownership through purchase from Woods. Trial was had to the court and resulted in a finding for the appellees and a judgment quieting their title to said land against any and all claims of the appellants.

The appellants contend that said judgment is contrary to law because Leona Ferguson is the sole grantee named in the deed involved and that the estate thereby conveyed to her is in fee simple and is in no way limited or qualified. That the alleged agreement upon which the appellees rely is no part of said deed and that as a separate instrument it is ineffectual to create an estate in real property because it is neither signed

nor acknowledged by the grantor as required by statute. Sec. 56-103, Burns' 1951 Replacement. The appellees, on the other hand, contend that the provision whereby title reverts to Henry C. Woods upon the death of Leona Ferguson, appearing on the face of the deed as it does, is a part thereof even though it follows the grantor's signature and his acknowledgment of execution. This contention is based on a rule, recognized generally, that unless the statute pertaining to the execution of deeds requires the grantor to place his signature at the end of the instrument, such signature in any part of the deed is sufficient. See C. J. S., Deeds, §34, p. 225. They say that since the statute pertaining to the execution of auditor's deeds, §28-246, Burns' 1948 Replacement, is silent as to the position of the grantor's signature thereon, it is of no consequence that such signature precedes the so-called agreement clause and when said deed is considered as a whole, including said clause, it is apparent that the grantor intended that Leona Ferguson should take a life estate in the land conveyed with the remainder to the appellee Woods.

Assuming without deciding that the appellees are correct in their contention that the clause in controversy is a part of said deed, it can avail them nothing. It is clear that the principles of law pertaining to the reversion of estates in real property can have no application in the present instance as the appellee Woods never had any previous interest in the land involved. The deed in controversy conveyed said land to Leona Ferguson "to have and to hold the same to their heirs and assigns forever, in as full and complete manner as by law I am authorized to do." This language is sufficient to vest a fee simple title in Leona Ferguson. The only words which in any manner

tend to qualify such estate are in the controversial clause heretofore set out in full. The evidence most favorable to the court's decision tends to prove that the appellee Woods furnished the money with which the land was purchased. At his direction the deed was made to Leona Ferguson and then signed and acknowledged by Lee O. Cobb as Auditor of Martin County. Immediately thereafter Leona Ferguson told Woods that she did not know how she was ever going to repay him and he said, "I want you to have a home the rest of your life, just write in the deed that it reverts back to me after your death." The auditor's deputy thereupon typed the clause above quoted at the bottom of the deed immediately following the acknowledgment and handed it to Woods.

In the case of *Marsh* v. *Morris* (1893), 133 Ind. 548, 555, 33 N. E. 290, the deed was changed after signature and delivery by the insertion of the following words after the description of the land conveyed: "The above real estate falls to James D. Marsh after the death of Elizabeth Marsh." The court held in effect that even if those words had been incorporated in the deed originally they would not suffice to convey the land to James D. Marsh on the death of Elizabeth. In so holding the court said: "The grantors in that deed had already conveyed the land in fee simple to Elizabeth Marsh, and the words added cannot divert that fee simple into a life estate. Any words so introduced into the deed, after the words of conveyance and warranty, in order to so limit the estate must be apt words for the purpose, so that when taken in connection with the granting words of the deed the meaning will be clear and irresistible on the face of the deed that a life estate only was intended." It seems to us that this decision settles the present question.

The controversial clause here involved is far from clear and from its phraseology it is impossible to say whether the grantor had in mind the creation of a life estate or some sort of defeasible freehold. Even if a part of the deed as originally executed, the clause is not sufficient to limit or qualify the fee simple estate conveyed to Leona Ferguson.

Even so, the appellees contend that the decision of the trial court must be upheld upon the theory that the evidence most favorable thereto shows that Leona Ferguson bought the land with the appellee Woods' money and took title in her own name and as a result thereof she held the same in trust for him at the time of her death. It is true that where it appears that, by agreement and without fraudulent intent, one person takes title to land for the use and benefit of another who furnishes the purchase money, a resulting trust arises. Sec. 56-608, Burns' 1951 Replacement. In order for the appellees to quiet an equitable title derived through a resulting trust, proof of a trust agreement made either before or at the time of the execution of the conveyance is absolutely necessary. *Toney* v. *Wendling* (1894), 138 Ind. 228, 37 N. E. 598; *Peoples, etc., Trust Co., Exr.* v. *Mills* (1923), 193 Ind. 131, 139 N. E. 145. We find no such proof in the record before us. The appellees make no claim that the controversial clause appearing at the bottom of the deed constitutes a trust agreement and it is apparent that the most liberal construction permissible in law cannot make it one. Furthermore, the appellees' counterclaim, upon which they recovered, is not drawn on the theory that Leona Ferguson took title as trustee for Woods, nor was the case so tried.

In conclusion we think it proper to observe that the auditor's deed upon which all parties rest their claims

contains no words of grant or conveyance and ■ names no grantee. Ordinarily a deed defective to this extent would be insufficient to convey title of any kind to anyone, *Davis et ux.* v. *Davis et al.* (1873), 43 Ind. 561, but in 1943 the legislature enacted a statute appearing as §28-245, Burns' 1948 Replacement, which reads as follows:

> "Whenever any county shall have acquired title to any land by the foreclosure of any school fund mortgage, and no action has been instituted by any person to set aside the sale of such mortgaged land to such county, then the sale of such land to such county is hereby legalized, and whenever any land so acquired by any county has been sold by the county, such sales so made shall be and the same are hereby legalized and made valid: Provided, however, That the provisions of this section shall in nowise affect any pending litigation."

In our opinion this cures the defect in the deed in question, as from the recitals therein it is apparent that the land in question was sold to Leona Ferguson and an effort was made to convey it to her and the common school fund received the full purchase price therefor.

Judgment reversed and cause remanded with instructions to grant appellants' motion for a new trial.

Note.—Reported in 123 N. E. 2d 909.