LONG, ADMR., ET AL. *v.* HORTON, ET. AL.

[No. 18,765. Filed April 9, 1956. Rehearing denied
May 24, 1956. Transfer denied July 26, 1956.]

*Cook & Cook,* of Kokomo, for appellants.

*Hurst & Grund, Hurd J. Hurst,* of Peru, and *Eugene M. Weesner,* of Wabash, for appellees.

KENDALL, J.—Appellants brought this action in the lower court to quiet title to forty acres of land in Miami County. The appellees filed cross complaint to quiet title in themselves.

By appellants' amended complaint in two paragraphs, they allege ownership of the land in fee simple; and by

right of adverse possession for occupancy for more than fifty years. The appellees answered such allegations in denial alleging fee simple title to three-fifths (3/5) of the land; for an accounting and partition; lack of knowledge of their ownership until a short time prior to the action being filed. Appellants replied to the appellees' answer in denial; pleading of the fifty and fifteen-year statute of limitations; alleging adverse and open possession of the land from October 20, 1886, and affirmatively alleged that appellees were guilty of laches. To this answer appellees filed their reply in denial.

Trial by court resulted in a judgment adverse to appellants on their amended complaint and in favor of appellees on their cross complaint, quieting title in them to a three-fifths interest in said real estate.

New trial motion, which was overruled, contended that the decision was not sustained by sufficient evidence and was contrary to law. In view of the court's decision, on appeal, we are only concerned as to the specification that the decision is contrary to law.

The assignment of errors is the overruling of the new trial motion. The evidence which is uncontradicted reveals the following facts.

Thomas D. Coffing and his wife, Sophia Coffing, on October 20, 1886, executed a deed, which pertinent portion is as follows:

> "This Indenture Witnesseth, That Thomas ·D. Coffing and Sophia Coffing, his wife, of Miami County, Indiana, convey and warrant to Lucy A. Sanders and at her death to her husband Josephus Sanders, his lifetime, the following real estate in Miami County, in the State of Indiana, to-wit: . . . " (Here real estate is described.)

The grantee, Lucy A. Sanders, was the daughter of the grantor, Thomas D. Coffing. She and her husband

entered upon the real estate for purpose of occupancy and occupied the same until her death, December 4, 1938, said Josephus Sanders having preceded Sophia Sanders in death. She left two heirs, namely, Thomas and William A. Sanders. Thomas Sanders conveyed his interest in said real estate by warranty deed to his brother, William A. Sanders, on February 17, 1939, who, on March 15, 1946, executed a warranty deed conveying the real estate in question to Lewis J. Long and Dora B. Long, husband and wife. Dora B. Long died December 29, 1947, and Lewis J. Long died intestate, October 11, 1953. The appellants in this action are the sole heirs of Lewis J. Long. The appellees herein are the grandchildren of the original grantor, Thomas D. Coffing, who died testate, July, 1907. By the terms of his will, he gave his second wife a life estate and the residue of his estate to his children, share and share alike, with the provision that heirs of any deceased children should inherit the parent share. During the administration of his estate, no dispute or mention was made of the real estate involved. The estate of Lucy A. Sanders was administered upon and was closed in 1938.

The appellees lived in the community, not far distant from the situated real estate, and none of them, or their ancestors, ever claimed ownership to the disputed real estate until a short time prior to the appellants' filing this action. The evidence reveals that Lucy A. Sanders and her husband made permanent improvements on the real estate which included remodeling the house and other buildings, ditches and fences were constructed, and that said William A. Sanders likewise made permanent improvements from 1938 until the time he conveyed it in 1946.

Appellants contend that the Coffing deed of 1886

granted a fee simple title to Lucy A. Sanders, which by transfer of warranty deed, now vests in appellants; while it is the appellees' contention they have title thereto by right of inheritance from the grantor, Thomas D. Coffing, he having conveyed only a life estate to Lucy A. Sanders. If appellees' theory be correct, then the grantor merely conveyed two life estates, never divesting himself of the fee simple title.

The stipulation which gave the relationship of the parties further provided that the appellees had no knowledge of any interest they had in the real estate until about the time this action was commenced in the lower court.

It becomes our duty by proper interpretation of the deed to ascertain the true intention of the testator so as to give effect to each portion thereof. Where one clause in a deed purports to convey an estate by inheritance, and another clause indicates an intention to convey a life estate, it becomes necessary to resort to rules of construction in order to determine the intention of the grantor. First of all, an attempt must be made to reconcile the apparently inconsistent phrases thereof, if any there be. If harmony cannot be established within the four corners of the instrument, then one clause must prevail over the other. The principal rule of construction is that a deed must be construed strictly against the grantor because he had the advantage of drafting the instrument. *Nicholson et al.* v. *Caress* (1877), 59 Ind. 39. Therefore, as a general proposition, the grantee is entitled to the greater estate. *Meachem* v. *Blaess* (1905), 141 Mich. 258; 104 N. W. 579. It is generally held that if there are any inconsistencies between the granting clause and the habendum clause, the granting clause will prevail, which clause in the interpretation of a deed

is the most dependable expression of the grantor's intention. It is so drawn because it is considered to be the very essence of the deed. *Dickson* v. *Wildman* (1910), 183 Fed. 398.

As Lord Mansfield said:

> "The rules laid down in the construction of deeds are founded in law, reason and common sense." *Goodtitle Ex. Dim. Robert Edwards* v. *Peter Bailey*, 98 Eng. Reports, 1260.

Likewise, where there is no ambiguity in the language used in a deed, the intention of the parties must be arrived at from the language alone. Rules of construction exist as aids to arrive at the intention, not as a means to defeat it. American Law of Property, Vol. I, §2.15, p. 125, and cases cited therein.

A life estate is a freehold interest in land, the duration of which is confined to the life, or lives of some particular person, or persons, or to the happening or not happening of some uncertain event. In arriving at our decision, we are guided by the general rule that where words of inheritance are not used, the entire context of the instrument may be considered and every word used, wherever found, must, if possible, be given weight in determining the estate granted. *Bear* v. *Millikin Trust Co.* (1929), 336 Ill. 366; 168 N. E. 349; 73 A. L. R. 173.

It is significant to note the usage by the grantor of the phrase, "convey and warrant," and that the grantor made no provision in the deed for any undisposed part of the fee to revert to him (grantor) or to anyone else.

Sec. 56-115, Burns' Stat., 1951 Replacement, Part I, provides what shall constitute a conveyance, and is as follows:

> "56-115 [13387]. Form of warranty deed.—Any conveyance of lands worded in substance as fol-

lows: 'A B conveys and warrants to C D [here describe the premises], for the sum of [here insert the consideration]'—the said conveyance being dated, and duly signed, sealed and acknowledged by the grantor—shall be deemed and held to be a conveyance in fee simple to the grantee, his heirs and assigns, with covenant from the grantor, for himself and his heirs and personal representatives, that he is lawfully seized of the premises, has good right to convey the same, and guarantees the quiet possession thereof, that the same are free from all encumbrances, and that he will warrant and defend the title to the same against all lawful claims. [1 R. S. 1852, ch. 23, §12, p. 232.]"

In Illinois, the words, "convey and warrant," are declared by statute to convey a fee simple title. *Palmer v. Cook* (1896), 159 Ill. 300; 42 N. E. 796.

Sec. 56-105, Burns' Stat., 1951 Replacement, Part I, provides as follows:

"56-105 [13377]. Unnecessary words.—It shall not be necessary to use the words 'heirs and assigns of the grantee' to create in the grantee an estate of inheritance; and if it be the intention of the grantor to convey any lesser estate, it shall be so expressed in the deed. [1 R. S. 1852, ch. 23, §14, p. 232.]"

Courts and lawyers generally recognize that in most cases the habendum clause of a deed provides for the vesting of the estate after conveyance to the grantee by general words of warranty where it is intended that the grantee be granted a life estate. In the deed under consideration, the grantor did not use such words as, "after the death of both Lucy A. Sanders and Josephus Sanders," that the property would revert to the grantors or their heirs.

To constitute a life estate in Lucy A Sanders, as appellees contend, the deed of conveyance should have

used words of description to aptly and specifically designate the same so that the meaning would have been clear, concise and to the effect that a life estate was only intended to have been conveyed.

The use of the term, "life estate," is not necessary to create a life estate, but nevertheless, the intention of the grantor to create such a life estate must be expressed by equivalent and appropriate language designating the same. *Greenleaf* v. *Greenleaf* (1933) (Missouri), 58 S. W. 2d 448; *Cross* v. *Hoch,* (1899), 149 Mo. 325; 50 S. W. 786; *Murphy* v. *Boling* (1938), 273 Ky. 827; 117 S. W. 2d 962; *Whitehill* v. *Thiess* (1931), 161 Md. 657; 158 A. 349; 79 A. L. R. 376; American Law Institute, Restatement of the Law, Property, Vol. I, §107; *Cleveland* v. *Spilman and Another* (1865), 25 Ind. 95.

In American Law of Property, Vol. I, §2.15, p. 124, it is said:

"Under modern statutes, even without words of inheritance, the grantor presumably conveys his entire interest in the property, but if, by express language or clear implication, he restricts the estate to the grantee for his life or for the life or lives of a specified person or persons, the grantor creates an estate for life or lives."

This, the grantor did not do in order to convey a life estate.

In view of the statutes, the fact that the deed under consideration is lacking of express language or words indicating a clear implication to convey a life estate, such deed is lacking of any restrictions upon the grantee, Lucy A. Sanders, and thereby conveys a fee simple title subject to a life estate in her husband who preceded her in death.

In the recent case of *Ferguson* v. *Mix* (1955), 125 Ind. App. 251; 123 N. E. 2d 909, this court approved a statement of the court made in the case of *Marsh* v. *Morris et al.* (1893), 133 Ind. 548; 33 N. E. 290, which statement is:

"The grantors in that deed had already conveyed the land in fee simple to Elizabeth Marsh, and the words added could not divert that fee simple into a life estate. Any words so introduced into the deed, after the words of conveyance and warranty, in order to so limit the estate must be apt words for the purpose, so that when taken in connection with the granting words of the deed the meaning will be clear and irresistible on the face of the deed that a life estate only was intended."

In the case of *Crecelius* v. *New Albany Mach. Mfg. Co.*, 4 F. 2d 369, it was held that the use of the words, "conveys and warrants," as used in the quoted statutes creates a conveyance in fee simple and that the use of words of inheritance were unnecessary. If we were to lend the interpretation to the deed as argued by appellees, we would be required to find that the intention of the grantor is against the established rule of law as announced.

This conveyance is similar to that in the case of *Adams* v. *Merrill* (1908) (T. D. 1910), 45 Ind. App. 315; 85 N. E. 114, wherein the grantor conveyed and warranted to Celestine Beall and John Beall, her husband, to be held by the said Celestine Beall as her own property, the husband having possession thereof during his lifetime, said possession to return to Mrs. Beall if she survived her husband. The court held in that case that Mrs. Beall took a fee simple estate subject to the life estate of Mr. Beall.

The appellees argue that following the conveyance in the Coffing deed to Lucy A. Sanders that the words,

"and at her death to her husband, Josephus ▮ Sanders, his lifetime," controls the granting clause and changes the fee, if it be one, to a life estate. It is well settled that in scrutinizing a deed, such as this one, if there appears to be a conflict between the granting clause and the habendum clause in respect to the quantum of the estate conveyed therein, that it is universally conceded that when the estate given in the granting clause and the estate referred to in the habendum of a deed are repugnant to each other, as not to be susceptible of any reasonable reconciliation, the granting clause will control, and the habendum will be rejected as void. *Finney* v. *Brandon* (1922), 78 Ind. App. 450; 135 N. E. 10; 16 Am. Jur., Technical Rule— Granting Clause Given Effect and Habendum Rejected, §232, p. 566, and cases cited. Appellees rely to a great extent upon the case of *Richardson* v. *Richardson* (1951) (T. D. 1951), 121 Ind. App. 523; 98 N. E. 2d 190. The question was different in that case than the one before the court now. The question posed in the Richardson case, *supra,* was whether or not a certain conveyance created a joint tenancy or a tenancy in common. The statute applicable to the situation there presented was §56-111, Burns' Stat., 1943 Replacement.

Appellees do not question the correctness of ▮ the execution of this deed. In Thompson On Real Property, Vol. II, §787, p. 480, it is said:

". . . Every conveyance, properly executed, will be construed to convey the fee, unless a lesser estate is mentioned and limited in it. If a lesser estate is *expressly* limited, the courts will not, by construction, increase such estate into a fee simple, but disregarding the technical rules of the common law, will give effect to the intention of the maker of the instrument, if such intent can be gathered from its contents." (Our emphasis)

We, therefore, hold that the grantor, having failed to place any limitations expressly conveying a lesser estate than a fee simple to Lucy A. Sanders, that such conveyance conveyed a fee simple title to her, subject to the life estate of her husband who preceded her in death. Undoubtedly, it cannot be argued with merit that if he intended to convey a lesser estate, that he complied with §56-105, *supra*, ". . . and if it be the intention of the grantor to convey any lesser estate, it shall be so expressed in the deed."

Judgment reversed with instructions to the trial court to set aside the judgment herein rendered and to enter judgment quieting title in the real estate in controversy in appellants.

NOTE.—Reported in 133 N. E. 2d 538.