### LYON *v.* HYLER.

### LYON *v.* PEACOCK.

1. DEEDS—ESTATE OF INHERITANCE—COMMON LAW.
   Prior to the statute of 1881 (3 Comp. Laws, § 9016), the word "heirs," or its equivalent, was essential in a deed to pass an estate of inheritance.

2. SAME—RECITALS—CONSTRUCTION—LOST DEED.
   The original owner of land, in 1847, executed an instrument to W., reciting that "*whereas* in 1843 I executed to L. a deed of " said land, " and *whereas* the said L. thereafter deeded the same land to W., which deed is on record, and *whereas* my said deed to L. has not been recorded, and is " lost, "I do hereby quitclaim unto said W. all my right, title, and interest " in said land, " either in law or equity." In an action of ejectment by the heir of the original owner, claiming that the instrument of 1847 lacked words of inheritance, and did not convey a fee, *held*, that defendants, who claimed under W., were not compelled to rely upon the words of grant in the instrument of 1847, but it was to be inferred that the prior deed of 1843, which the original owner therein admitted having executed, conveyed the same title as was conveyed by the deed executed by his grantee (L.), which was a conveyance in fee.

Error to Clinton; Stone, J.   Submitted March 1, 1904.
(Docket Nos. 125, 126.)   Decided March 15, 1904.

Separate actions of ejectment by Henry O. Lyon against
Mitchell Hyler and wife, and against William M. Pea-
cock and wife.   From judgments for defendants, plaintiff
brings error.   Affirmed.

*O. G. Tuttle* and *Lyon & Moinet,* for appellant.

*H. E. & E. L. Walbridge,* for appellees Hyler.

*Charles F. Hammond,* for appellees Peacock.

MONTGOMERY, J.   Each of these cases is an action in
ejectment for the recovery of a parcel of land in De Witt
township, Clinton county.   The facts are the same in
both.   The cases were tried by the court without a jury,
and findings of fact and conclusions of law were made by
the trial judge.

From the findings of fact, it appears that the land was
purchased from the government by Orville H. Lyon on
January 24, 1842.   Three years later, June 25, 1845, one
Alvah P. Lyon and wife deeded the land to Alanson Wor-
den by a deed conveying the title in fee.   On March 20,
1847, Orville H. Lyon, the purchaser from the govern-
ment, executed to Alanson Worden, the grantee in the
deed from Alvah P. Lyon, an instrument as follows:

" *Whereas,* some time in the year 1843 I executed to
Alvah P. Lyon a deed of the southeast quarter of the
southeast quarter of section twenty-eight, and the south-
west quarter of the southwest quarter of section twenty-
seven, all in township five north, of range two west, in the
State of Michigan; and

"*Whereas,* the said Alvah P. Lyon some time thereafter
deeded the same land to Alanson Worden, which deed is
on record in the county of Clinton; and

" *Whereas;* my said deed to Alvah P. Lyon has not been
recorded, and is so lost or mislaid that it cannot be found:

" *Now, therefore,* in consideration of the foregoing cir-
cumstances, and in consideration of one dollar to me in

hand paid, I do hereby quitclaim unto the said Alanson Worden all my right, title, and interest, either in law or equity, to the above-described premises."

Afterwards Alanson Worden conveyed the land in fee to the defendants, who, at the time the suit was begun, were in possession, claiming title and ownership. The plaintiff claimed title to the land by inheritance from Orville H. Lyon, who died in 1890.

It is plaintiff's contention that Orville H. Lyon, having never conveyed the fee in the lands, died seised thereof. To reach this conclusion it is urged that the instrument. of March 20, 1847, executed to Alanson Worden, lacking words of inheritance, conveyed a life estate only. It is also urged that the recital in the deed to Worden of the deed which Orville H. Lyon is said to have executed to Alvah P. Lyon is insufficient to show that it conveyed the title in fee, since it did not use the word "heirs."

It is, without doubt, true that, at the date of the instruments in question, the word "heirs," or its equivalent, was essential to pass an estate of inheritance. 1 Washb. Real Prop. *p. 56. This rule was abrogated by statute in 1881. 3 Comp. Laws, § 9016. But, as all these instruments antedate the statute, the case must be determined upon the common law. The question is, therefore, as to the admissions contained in the instrument of 1847. These admissions must be construed with reference to the situation of the parties. It appears that a deed in *some* form had been executed by Orville H. Lyon to Alvah P. Lyon in 1843. The form is not stated in the recital. Whether it was a conveyance in fee, or of a life estate only, is not, in terms, stated. But this recitation is followed by another, which is that the same land was conveyed by Alvah P. Lyon to Alanson Worden by a deed which is of record. When we turn to that deed, we find that what Alvah P. Lyon purported to convey was a fee. What is the fair inference of fact, then ? Is it not that the same interest was conveyed to Alvah P. Lyon that he assumed to convey to Worden ? The question really is,

What was the lost deed,—a conveyance in fee or a conveyance of a life estate ? This is a question of evidence, and the evidence is the written acknowledgment of the grantor. The construction of his admissions need not necessarily be technical. And when we find the statement that he has deeded the land, coupled with the reference to the deed from Alvah P. Lyon to Alanson Worden of the feé, the inference is, we think, clear that the deed from Orville H. Lyon to Alvah P. was likewise in fee. As to the effect of recitations in deeds, see *Denn* v. *Cornell*, 3 Johns. Cas. 174.

It should not be supposed that defendants are compelled to rely upon the words of *grant* contained in the instrument of 1847. Indeed, according to the recitation, in any view which is taken, Orville H. Lyon had not then an estate to grant such as this instrument, under any construction, purported to convey. Title to some interest in the land had passed to Alvah P., and whatever title had so passed was not divested by his quitclaim. It is significant, also, that, if but a life estate was granted in the first deed, a deed to supply its loss would naturally have been a deed to Alanson Worden for the life of Alvah P. Lyon. Clearly the deed was not this, and this is strong evidence that the former deed was a deed in fee.

We think the conclusion reached by the circuit judge was correct, and the judgment is affirmed in each case, with costs.

The other Justices concurred.