HOWARD *v.* McCARTHY.

SAME *v.* WEST.

EJECTMENT—DEEDS—CONSTRUCTION OF DEED.

In ejectment proceedings, where plaintiffs claim an interest in the land in question through a quitclaim deed to their father, which they contend conveyed to him a life estate only with remainder over to his heirs, the decision of the trial court that said deed conveyed title in fee simple, which was later conveyed by warranty deed

by plaintiffs' father and his grantors to defendants' prede-
cessors in title, is affirmed by a divided court.[1]

Error to Wayne; Fead (Louis H.), J., presiding.
Submitted April 23, 1925. (Docket Nos. 60, 61.)
Decided October 1, 1925. Rehearing denied December
22, 1925.

Separate actions of ejectment by Keith A. Howard
and others against Robert McCarthy and another and
Jerome G. West and another. The cases were con-
solidated and tried as one. Judgments for defendants.
Plaintiffs bring error. Affirmed by an equally divided
court.

*Hugh M. Edwards* and *George W. Eyster,* for appel-
lants.

*Lucking, Helfman, Lucking & Hanlon,* for appellees
McCarthy.

*Yerkes, Simons & Goddard,* for appellees West.

MOORE, J. These are actions of ejectment brought
by appellants, as the heirs of their father, Shepard L.
Howard, claiming title to an undivided one-quarter
interest in property described in their declarations.
The cases were tried as one before the judge without
a jury. He gave judgment for the defendants. The
case is brought into this court by writ of error.

All the parties trace title through Cyrus Howard,
the grandfather of the plaintiffs, who died intestate
in March, 1856, leaving the following children: Nancy
D. Clark, Hepsibah P. Manning, Caroline P. Porter,
Abbie A. Patrick, Edgar Howard, William B. Howard,
Francis A. Howard and Shepard L. Howard. Shepard
L. Howard is the father of the plaintiffs.

On May 17, 1872, Francis A. Howard executed and
delivered a paper, the material parts of which are as
follows:

---

[1]Ejectment, 19 C. J. § 249.

"This indenture, made the 17th day of May in the year of our Lord one thousand eight hundred and seventy-two, between Francis A. Howard, of Sutter Creek, Amador county, California, of the first part, and Shepard L. Howard of the township of Dearborn, county of Wayne, State of Michigan, of the second part witnesseth:

"That the said party of the first part for and in consideration of the sum of one dollar to him in hand paid by the said party of the second part, the receipt whereof is hereby confessed and acknowledged, doth by these presents grant, bargain, sell, remise, release, and forever quitclaim unto the said party of the second part and to his heirs and assigns forever.     (Then follows the description of the premises.)

"And it is provided that the said party of the second part shall not sell the above described lands and premises, but that after his decease the above described lands and premises shall descend to the heirs of the aforesaid Shepard L. Howard.     Together with all and singular the hereditaments and appurtenances thereunto belonging or in any wise appertaining, to have and to hold, the said lands and premises, to the said party of the second part and to his heirs and assigns to the sole and only proper use, benefit and behoof of the said party of the second part, his heirs and assigns forever.

"In witness whereof the said party of the first part hath hereunto set his hand and seal the year and day first above written.

"FRANCIS A. HOWARD     (Seal)."

The following paper was also executed and delivered:

"This indenture made the 17th day of May, in the year of our Lord one thousand eight hundred and seventy-two, between Abbie A. Patrick, of the township of Dearborn, county of Wayne, State of Michigan, of the first part, and Shepard L. Howard of the place aforesaid, of the second part, witnesseth:

"That the said party of the first part, for and in consideration of the sum of one dollar to her in hand paid by the said party of the second part, the receipt whereof is hereby confessed and acknowledged, doth by these presents grant, bargain, sell, remise, release,

and forever quitclaim unto the said party of the second part, and to his heirs and assigns forever. (Then follows the description of the premises.)

"And it is hereby provided and the intention of this conveyance is declared to be that the said party of the second part shall have the use and possession only of the premises above conveyed, but not the power or right to sell the same, and after his decease the said bargained land and premises shall descend to the heirs of the aforesaid Shepard L. Howard, together with all and singular the hereditaments and appurtenances thereunto belonging or in anywise appertaining. To have and to hold, the said land and premises as described to said party of the second part and to his heirs and assigns to the sole and only proper use, benefit and behoof of the said party of the second part, his heirs and assigns forever.

"In witness whereof, the said party of the first part hath hereunto set her hand and seal the day and year first above written.

(Signed)    "ABBIE A. PATRICK.    (Seal)."

October 4, 1889, Edgar Howard, his wife, N. A. Howard, Shepard L. Howard, his wife, Mrs. Irene Howard, Abbie A. Patrick, Hepsibah P. Manning, Caroline P. Porter, Nancy D. Clark, Frank M. Howard, Geraldine N. Booth, made a warranty deed of the property to Joseph A. Patrick. September 26, 1890, William A. Howard, heir at law of Cyrus Howard, who did not join in the foregoing warranty deed with the other heirs, conveyed all of his right, title and interest in and to said lands to Joseph A. Patrick. Defendants claim title by mesne conveyances from the said grantee, Joseph A. Patrick, to all of his property including the one quarter interest now claimed by the plaintiffs. Shepard L. Howard died August 25, 1918.

It is the claim of the plaintiffs that the two quitclaim deeds of Francis A. Howard and Abbie A. Patrick to Shepard L. Howard dated May 17, 1872, conveyed to Shepard L. Howard a life estate only of

the interest of the grantors, and that he could convey nothing more, and when Shepard L. Howard joined in the warranty deed of October 4, 1889, he did what he had no right to do; counsel citing section 11690, 3 Comp. Laws 1915; 18 C. J. p. 318, and other authorities.

It is the claim of the appellees that the two quitclaim deeds conveyed a title in fee simple; counsel citing *Smith* v. *Smith*, 71 Mich. 633, and *Meacham* v. *Blaess*, 141 Mich. 258.

The situation would seem to be a peculiar one. If the quitclaim deeds of May 17, 1872, conveyed to Shepard L. Howard only a life estate, then Abbie A. Patrick and Frank A. Howard must have retained their interest in said land subject to such life estate. It would seem to follow that when they and Shepard L. Howard all joined in the warranty deed of October 4, 1889, that the giving of said warranty deed would convey all the interest possessed by Abbie A. Patrick, Frank M. Howard and Shepard L. Howard.

We find no reversible error.

The judgment is affirmed, with costs to the appellees.

BIRD, J., concurred with MOORE, J.   STEERE and FELLOWS, JJ., concurred in the result.

SHARPE, J. (*for reversal*). In my opinion, the fact that Abbie A. Patrick, Frank A. Howard and Shepard L. Howard joined in the warranty deed of October 4, 1889, to Joseph A. Patrick is not decisive of plaintiffs' rights. It is plaintiffs' claim that the quitclaim deeds executed by Abbie A. Patrick and Frank A. Howard to Shepard L. Howard on May 17, 1872, set out at length in the opinion of Mr. Justice MOORE, conveyed a life estate to Shepard L. Howard, with remainder over to his heirs; that plaintiffs are the heirs of Shepard L. Howard, and that their rights are in no way affected by the conveyance made on October

4, 1889. If their claim in the first respect be well founded, the latter would seem to follow as a matter of law.

Counsel agree "that the primary object in construing the deed is to arrive at the intention of the parties." The extraneous circumstances, if helpful, may be considered. A printed form of quitclaim deed was used in preparing the deed from Francis A. Howard. The description and all additional matter were written in ink. That from Abbie A. Patrick was entirely in writing. There is nothing to indicate by whom they were prepared. The inference, I think, may be fairly drawn that neither of them was prepared by an attorney or other person who had any knowledge of the legal effect to be given to the language of a conveyance. The person who drew the deed from Abbie A. Patrick evidently copied the wording of the ordinary form of quitclaim deed then in use.

At the time these deeds were executed, the word "heirs," or its equivalent, was essential to pass an estate of inheritance. *Lyon* v. *Hyler,* 136 Mich. 76. For that reason it was inserted in the forms prepared by publishers for use by conveyancers. Had the words "to his heirs and assigns" been omitted from the granting and habendum clauses, a life estate only would have been conveyed. Having in mind the fact that these words were a part of the printed form, let us examine that which was inserted, other than by filling the blank spaces therein. The scrivener may have erred in not striking out the words quoted, but there can be no probability that he erred in that which he wrote into the instruments which was unnecessary to fill out the form as printed. He was then following the instructions which had been given him by the grantor. That so written into the deed made by Howard reads:

"And it is provided that the said party of the second

part shall not sell the above described lands and premises, but that after his decease the above described lands and premises shall descend to the heirs of the aforesaid Shepard L. Howard."

I can but construe this as an awkward and inappropriate manner of saying that Shepard shall have the use of the premises during his lifetime, with remainder over to his heirs. The prohibition against selling can, and I think should, be construed to apply to a fee simple interest, and not to his life interest. Shepard at that time had children, and the word "heirs" was clearly intended to apply to them.

The provision in the Abbie A. Patrick deed still more clearly shows the intent. It reads:

"And it is hereby provided and the intention of this conveyance is declared to be that the said party of the second part shall have the use and possession only of the premises above conveyed, but not the power or right to sell the same, and after his decease the said bargained land and premises shall descend to the heirs of the aforesaid Shepard L. Howard."

It will be noticed that the language in both deeds, above quoted, immediately follows the description, and forms a part of the granting clause.

In seeking to reach the intent of the grantors, we may take into consideration the fact that they were here conveying to their brother the interest they had acquired in this property as heirs of their father. It was not a matter of purchase and sale. It was doubtless for this reason that the form of quitclaim instead of warranty deed was used.

I cannot read these deeds as an entirety, having in mind the extraneous circumstances above stated, without reaching the conclusion that the intent of the grantors to convey a life estate to their brother, with remainder over to his heirs, is clearly shown.

It seems useless to cite authorities to sustain this view. Any effort to harmonize the holdings of this

or other courts, where somewhat similar questions were presented, will but lead to confusion. All, however, seem to agree that such a construction should be had as will give effect to the intention of the parties, and that such intention, if it can be ascertained, should not be defeated by a strict technical construction of the form of the conveyance adopted.

Neither of the counsel cite our holdings construing somewhat similar provisions in wills. It may well be said that they are not applicable. In a deed it would seem that the parts inserted in writing in the printed form have received the special attention of the person executing it. In a will, which is all written, this presumption could not well be said to apply to any one provision more than another.

One other question must be considered. Defendants urge that plaintiffs are barred from recovery by the statute of limitations. Shepard L. Howard did not die until August 25, 1918. Plaintiffs were not entitled to entry and possession until that time. In *Lowry* v. *Lyle,* 226 Mich. 676, it was held (quoting from the syllabus) :

"Adverse possession by or under the life tenant did not commence to run against the remaindermen until their right of entry and possession accrued at the death of the life tenant."

The judgments in each of the cases should be reversed, with costs to appellants, and new trials granted.

McDonald, C. J., and Clark and Wiest, JJ., concurred with Sharpe, J.